Charles A. Loreto,
J. Application for an order under article 78 of the Civil Practice Act.
Petitioner individually and in behalf of others similarly situated seeks an order directing the respondent to compute his annuity allowance on the basis of mortality tables existing in 1917 when he became a member of the present Retirement System and granting him the difference between the amount of annuity allowance received by him from the date of his retirement in 1951 and the amount calculated under the mortality tables used in 1917.
Respondent points out that if petitioner were to succeed in this proceeding, a total liability of approximately $7,700,000, that it does not have, would be imposed upon the New York City Teachers’ Retirement System with respect to him and all other persons similarly situated. This objection, as well as the defenses of laches, Statute of Limitations, and the lapse of more than four months since the determination in 1951 of the annuity payable to petitioner, are overruled. These arguments were also raised and rejected by the court in Birnbaum v. New York State Teachers’ Retirement System (5 N Y 2d 1). That ease and Matter of Ayman v. Teachers’ Retirement Board (19 Misc 2d 355, affd. 10 A D 2d 835) are cited by petitioner’s attorneys as controlling the instant proceeding.
Here respondent contends that as of September 1, 1951, the date of petitioner’s retirement, the service pensioners’ mortality table last approved by the Retirement Board for use in case of present teachers was the table adopted on October 24, 1933, and that the “actuarial equivalent” of petitioner’s accumulated *688 deductions were computed on the basis of that table and that it granted an annuity in accordance therewith as provided by subdivision 2 of section B20-44.0 of the Administrative Code of the City of New York. On the other'hand, petitioner’s attorneys argue that in view of section 7 of article V of the New York Constitution and the Birnbaum and Ayman cases (supra), the petitioner may not be denied the relief sought.
Although this case bears much similarity to the cited cases, there is a significant distinction. The distinction is that the Ayman case involved solely the 1943 mortality table revision, and reference to the earlier 1934 revision of the mortality tables necessarily was dictum. And the Birnbaum case dealt with the 1946 actuarial table adopted by the State Retirement Board. Therefore, the holding in both Ayman and Birnbaum turned on the refusal to permit the use of actuarial or mortality tables adopted after the effective date of the constitutional amendment, July 1,1940.
Moreover, in the Birnbaum case both the majority and the dissenting opinions indicate the limit of plaintiffs’ claim upon which the determination of the issue there rested. It was that the mortality tables adopted and in use on July 1, 1940 should have been used in computing the annuity payable on retirement. In the majority opinion the court stated that plaintiffs argued they “ should receive an annuity computed from mortality tables in use on July 1,1940 (the date the constitutional amendment became effective) ” (p. 7). And in his dissent Chief Judge Desmond stated: 1 ‘ Plaintiffs, schoolteachers who became members of defendant system before 1940 and are now eligible for retirement, say that one of the ‘ benefits ’ protected by the Constitution is the right after retirement to an annuity in amount not less than would result from the application to the respective members ’ accumulated annuity funds of the longevity tables in use when subdivision 7 of article V became law in 1940 ” (pp. 12-13). It cannot be said therefore that Birnbaum decided more than was claimed by the petitioner, although it is evident that there is much discussion in the opinions based upon the court’s interpretation of the Education Law which may be said would preclude the use of any mortality tables adopted subsequent to the employee’s entry into the system, whether those tables were adopted prior to or after July 1, 1940. Since it is clear that that decision was concerned only with tables adopted after July 1, 1940, it would not perforce prohibit a different conclusion with respect to tables adopted prior to that date, as Is the case here.
*689 Section 7 of article V of the New York Constitution reads: “After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” This amendment was adopted by the Constitutional Convention in 1938 and then approved by the People, not to become effective until July 1, 1940. Clearly it was aimed prospectively. It was not intended to have, nor could it have, a retroactive effect. Therefore the query is, what was the law on the question here presented prior to July 1, 1940 ? That petitioner retired after July 1, 1940 did not confer upon him greater benefits or rights than he then had; he was protected by the Constitution against a diminution of such rights and benefits. Up to that date the Retirement System was geared to the revision of mortality tables and the use of the tables adopted closest to the retirement date of the member; and such was the accepted practice. By dictum, Roddy v. Valentine (268 N. Y. 228 [1935]) recognized that the member’s interest did not become vested and take on the attributes of a contract until an award of pension or benefit was made or should have been made. It was that dictum which the constitutional amendment of July 1, 1940 was designed to overcome. “ After such effective date such systems [pension and retirement] were no longer gratuitous, but by virtue of the new amendment became contracts and the members of pension systems thereby acquired vested interests which could not thereafter be diminished or impaired.” (Matter of Day v. Mruk, 307 N. Y. 349, 354.) This was the law until changed by the constitutional amendment. Therefore, up to July 1, 1940, the latest mortality tables adopted by the Retirement Board were permissible anti legal to use in determining upon retirement the actuarial equivalent of the total savings of the member; and the Constitution froze those benefits, making them irreducible by the use of later tables showing less longevity.
So here it appears that petitioner is receiving as his annuity all that the law allowed prior to July 1, 1940, and all that the constitutional amendment protected for him thereafter. Accordingly, the application is denied and the petition dismissed.