Owen McGivern, J.
This is a motion for total or partial summary judgment by plaintiff against defendant Bulova Fund, Inc., hereinafter referred to as 11 the Fund ”, and against defendants Henshel and G-uilden, individually and as executrices, hereinafter referred to as “ the Executrices ”; the motion is based on the first four causes of action only.
The action involves 3,000 shares of Bulova Watch Co. common stock claimed to have been deposited by plaintiff with the Executrices’ decedent as security for a loan made by decedent to plaintiff. The stock was registered in plaintiff’s name, and was accompanied by stock powers signed by her. Fonr days before decedent’s death, the stock was given to the Fund by someone acting in decedent’s behalf. In his will, decedent forgave all indebtedness of plaintiff to him.
The foregoing is all established by the documentary evidence annexed to the moving affidavits and by admissions contained in the answers of the Executrices and of the Fund and in a letter of their counsel.
The defendants against whom summary judgment is sought do not dispute any of the foregoing facts, but deny knowledge of many of them. It appears, however, that there has been an exhaustive search of decedent’s papers, .and much of the documentary evidence came therefrom. Other documentary evidence came from other sources equally available to both sides. Under such circumstances, there is no merit to the pleas of the Executrices and the Fund that summary judgment may not be granted against a party ignorant of the facts. (Shientag, Summary Judgment, p. 83.)
Nor is, there reason to believe that any additional evidence can be found. No request is made by the Executrices and the Fund for an examination before a trial of plaintiff and no other pos *30 siblc witnesses am suggested by them, They gay that the agreement between plaintiff and deeedent may have been modified, but fail to point to any possible source of proof thereof.
The Executrices and the Fund argue that plaintiff’s affidavits may not be considered, insofar as they deal with personal transactions with decedent, because of section 347 of the Qivil Practice Act. As to this, the rule in this Department is still enveloped in a nimbus. Ditkoff v. Prudential Sav. Bank (245 App. Div. 748 [2d Dept., 1935]), relied on by the Executrices and the Fund, holds that affidavits dealing with personal transactions with a decedent and in other respects within section 347 may not be considered m support of a motion for summary judgment, However, in Bourgeois v. Celentano (10 A D 2d 824 [1st Dept., 1960), it was held that such affidavits could be considered in opposition to such a motion, and the Bitkaff case was cited as if contra It has been suggested that the two eases can be reconciled by holding that affidavits covered by section 347 may be considered in opposition to, but not in support of, motions for summary judgment (Raybin v. Raybin, 15 A D 2d 679 [2d Dept., 1962], Sprung v. Halberstam, 28 Misc 2d 686, 637 [App. Term, 1st Dept., 1960]). However, this reconciliation leaves unexplained the use of the word “ contra ” by the Appellate Division, First Department, in the Bourgeois ease, and until the situation is clarified, the rule must be regarded as unsettled.
However, in the matter before us, even if all matter inhibited by section 347 ig ignored, plaintiff has established her cause of action fully from documents, the authenticity of which is not questioned.
Accordingly, the motion, ig granted and as assessment of damages will bn directed as provided by subdivision 3 of rule 113 of the Buies of Qivil Practice.