■ NATHAN PHILLIPS, Appellant, v. JOSEPH KANTOR & COMPANY et al., Respondents, et al., Defendant.— Order, Supreme Court, New York County entered December 1, 1971, granting summary judgment to defendants Joseph Kantor & Company and Marilyn Kasper and Herbert Kantor, as executors of the estate of Joseph Kantor, deceased, and the judgment entered thereon on December 6, 1971, affirmed, without costs and without disbursements. We find nothing in *Bourgeois* v. *Celentano* (10 A D 2d 824) to support a rule that summary judgment must be denied even where, as here, the *only* evidence to support the claim against the moving defendants would be incompetent by virtue of CPLR 4519. Nor do we consider such relief to be precluded by the possibility, perhaps through some inadvertence, of a waiver of such incompetency at a trial. Since, on the record before us, it clearly appears that plaintiff relied solely on the oral statements of decedent, we fail to see how the written evidence referred to in the dissent could raise any triable issue. Finally, we note that, despite Special Term's grant of a continuance for such purpose, appellant was unable to produce any further affidavit from any competent witness to support his claimed oral representations. Concur — Stevens, P. J., Nunez and Murphy, JJ.; McGivern and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: In this action for fraud and malpractice, summary judgment was granted against plaintiff in favor of the codefendant estate, on the ground of the bar of the Dead Man's Statute. (CPLR 4519 [Civ. Prac. Act, § 347].) The complaint alleges a substantial aggregate loan to a soon thereafter bankrupt group on the assurance of the now deceased Joseph Kantor, who certified the financial statements for the debtors. Plaintiff in his examination before trial, stated that he relied solely on the oral statements to him by Joseph Kantor, thus, in a sense, foreclosing reliance on the written material. After a partial examination before trial held of this codefendant, he died, and his executors were substituted one of whom, his son Herbert Kantor, Esq., is also a party-defendant individually in this case, allegedly for having been the plaintiff's attorney. Theoretically, the plaintiff would not be able to testify in his own behalf concerning his personal transactions with the decedent (CPLR 4519), and, therefore, will not be able to make a case. However, we have heretofore held that matter excluded under the Dead Man's Statute, may nevertheless be considered in determining the existence of a triable issue. (*Bourgeois* v. *Celentano*, 10 A D 2d 824, mot. for lv. to app. den. 8 N Y 2d 708, despite a contrary view in the Second Department, *Ditkoff* v. *Prudential Sav. Bank*, 245 App. Div. 748.) The Second Department is still contrary (*Friese* v. *Baird*, 36 A D 2d 727.) My colleague, Judge McGivern considered the difference in the approach in the two Departments when he sat at Special Term in *de Huff* v. *Bulova Fund* (36 Misc 2d 28). A petitioner is not denied a deposition, even though his own testimony may be barred pursuant to the Dead Man's Statute. (*Matter of Moritz,* 10 Misc 2d 101, affd. 5 A D 2d 839; see in general, Personal Representative's Loss of Rights Under Dead Man Statute by Prior Institution of Discovery Proceedings, 35 ALR 3d 955.) It is always possible that the incompetency will be waived at the trial, or the door opened, by design, or by inadvertence, as intimated by the majority. (See Taking Depositions or Serving Interrogatories in Civil Case as Waiver of Incompetency of Witness, 23 ALR 3d 389.) Further,

in this case there is written evidence sufficient to permit a trial of the issues, with the only question being, in view of his deposition, whether the plaintiff relied thereon. Based on the foregoing, it would seem that the heretofore First Department rule is a salutary one, and that the determination granting summary judgment should be reversed.