█ Judith Jawitz, Respondent, v. British Leyland Motor Inc., Appellant, and Genser Foreman, Inc., Defendant.— Order, Supreme Court, New York County, entered October 24, 1972, denying defendant-appellant's motion for summary judgment, is unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed as to defendant-appellant. The plaintiff seeks to recover damages for the personal injuries sustained by her when she was involved in an accident while riding as

a passenger in a 1963 Triumph automobile. The accident occurred on November 17, 1967 and this action was not brought until more than three years later. The defendant-appellant, who is the distributor of Triumph automobiles in the United States, immediately served a verified answer and a demand for a bill of particulars. After waiting six months, during which plaintiff made no attempt to comply with the demand, defendant sought and obtained an order of preclusion. The order, however, afforded plaintiff an additional 20 days, after service with notice of entry, to supply the bill of particulars. Although the order was duly served, plaintiff persisted in the established pattern of default and finally, after 11 months had elapsed, this motion for summary judgment was brought. The basis for the motion was that since the outstanding order of preclusion prevented plaintiff from establishing a prima facie cause of action, there were no longer any triable issues of fact. We note, that in opposition to the motion, plaintiff made no attempt to explain the continuous defaults and did not move to vacate the order of preclusion. Special Term, in denying the motion for summary judgment, relied upon *Israel* v. *Drei Corp.* (5 A D 2d 987) wherein this court held that " the existence of an order of preclusion against the plaintiff does not make available to defendant summary judgment under rule 113 of the Rules of Civil Practice." We need not, however, now decide whether the *Israel* case (*supra*) should still be followed or whether as a general policy an order of preclusion may form the basis for summary judgment. (See *Clements* v. *Peters,* 33 A D 2d 1096; cf. *Moskowitz* v. *Garlock,* 23 A D 2d 943; *Jersey* v. *Globe Requa Coal & Lbr. Co.,* 13 A D 2d 507.) We believe that under the unique facts and circumstances here present summary judgment should be granted. The complaint itself is loosely drawn and the merits of the cause of action are highly dubious. Indeed, there is nothing to establish that the appellant actually distributed the automobile in question. The demand for the bill of particulars was coextensive with each and every element of the cause of action required in order to establish a prima facie case. And, while counsel in opposition to the motion stated in a conclusory affidavit, that despite the outstanding order of preclusion, there were "still issues of fact to be decided", he failed to point to any particular issue still remaining. That failure, at least, was justified, since it is apparent that in this particular action, the order of preclusion and willful nature of default, not only justified the granting of summary judgment but also served to confirm the fact that the action itself is without merit. Concur — Nunez, J. P., Steuer, Tilzer and Capozzoli, JJ.; Kupferman, J., concurs in the following memorandum: While I concur in the granting of the motion for summary judgment, it should be pointed out that the matter is not free from doubt, and that recently the Court of Appeals in *Phillips* v. *Kantor & Co.* (31 N Y 2d 307) adopting the reasoning of the dissenting opinion in our court (39 A D 2d 521) denied summary judgment where the Dead Man's Statute, CPLR 4519, would have excluded the evidence necessary to make out a case. It is obvious, however, in the case at bar that there has been default at almost every step. Not only was there failure to comply with the demand for a bill of particulars, which brought on the preclusion order, but in this court no brief was submitted on behalf of plaintiff-respondent. Therefore, as a practical matter, the determination granting summary judgment to the defendant is appropriate.