■ JOHN NESSIA et al., Respondents, v LEONARD MARRONE et al., Appellants. (Appeal No. 1.)—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiffs commenced this action for malpractice in 1974, alleging an injury occurring when plaintiff, John Nessia, was under the care of the defendants in 1969. Defendants answered the complaints and demanded verified bills of particulars. Thereafter, defendants obtained 30-day preclusion orders against plaintiffs for failure to serve verified bills of particulars, and they served copies of the orders with notices of entry in January and April, 1976, respectively. Plaintiffs did not appeal or otherwise move against these orders. In September, 1976 the defendants moved for summary judgment. Special Term granted summary judgment, conditioned, however, on plaintiffs' failure to serve verified bills of particulars within 20 days of the date of Special Terms' orders granting summary judgment. This condition was an abuse of discretion, and we modify the orders to grant summary judgment unconditionally since, with the preclusion orders outstanding, it is manifest that plaintiffs will not be able to sustain their causes of action. We have held time and again that conditional orders of preclusion may not be ignored with impunity (see Le Frois Foods Corp. v Aetna Ins. Co., 47 AD2d 994) and that they may be vacated only upon showing of "extraordinary and exceptional circumstances" (see Williams v Mallinckrodt Chem. Works, 42 AD2d 1044, mot for lv to app den 34 NY2d 567; Dent v Baxter, 37 AD2d 908). The only excuse offered here is counsel's allegation that due to plaintiff's loss of memory he could not supply certain requested information, and his additional claim that counsel for defendant doctors orally agreed to an indefinite extension of time to supply the bills of particulars after the orders of preclusion were granted. If this be so, plaintiffs were on notice that the extension was terminated when they received copies of the orders with notices of entry, and plaintiffs' counsel must shoulder the ultimate responsibility for going forward with the litigation (see Omar v David Fruit & Co., 59 AD2d 647). If he chooses to rely upon alleged oral extensions by opposing counsel, he must bear the responsibility when the making of such commitments is unsupported by later evidence and is not admitted by opposing counsel. Significantly, there is no allegation that plaintiffs can supply the information, even now, some eleven months after the order. (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.

■ JOHN NESSIA et al., Respondents, v ST. ELIZABETH HOSPITAL, Appellant. (Appeal No. 2.)—Order unanimously modified in accordance with same memorandum as in Nessia v Marrone (59 AD2d 1054), and, as modified, affirmed, without costs. (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.