■ IRIS CRUMP, Plaintiff, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants. A. COOPER PLUMBER, INC., et al., Third-Party Defendants-Appellants.—Order, Supreme Court, New York County, entered September 28, 1977, denying third-party defendants' separate motions for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, with one bill of $75 costs and disbursements of this appeal to appellants, and the motions for summary judgment dismissing the third-party complaint granted. Third-party plaintiffs failed to comply with demands for bills of particulars served by the moving third-party defendants, as a result of which preclusion orders were entered. The preclusion orders were not complied with. The bills would have furnished the particulars of the agreements and acts of negligence performed in relation thereto which are the gravamen of the third-party complaint. The preclusion orders were granted on default. Third-party plaintiffs even defaulted on the motions to dismiss the third-party complaint, the denials of which are the subject of this appeal. The motions should have been granted. (See *Jawitz v British Leyland Motor,* 42 AD2d 536.) There is no basis for Special Term's conclusion that the preclusion orders, although restricting third-party plaintiffs' case-in-chief, do not man-

date a dismissal of the third-party complaint. Notice of third-party defendants' respective motions to dismiss was given to all parties. No opposition was offered to the relief sought. In her complaint plaintiff has asserted causes of action in negligence and breach of the lease. The proof offered in support thereof would not supply the proof in support of the third-party complaint. We do not, however, make any determination that as a general policy summary judgment must be granted upon an order of preclusion. (See *Jawitz, supra,* p 537.) Concur—Lupiano, J. P., Silverman, Sandler and Sullivan, JJ.