■ MARY COSTIGAN, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County, entered May 9, 1978, which granted plaintiff's motion for summary judgment dismissing defendant's affirmative defenses and denied defendant's cross motion to modify a prior conditional order of preclusion as to permit late service of a bill of particulars is reversed, on the law and in the exercise of discretion and plaintiff's motion for partial summary judgment is denied, the cross motion to modify the conditional order of preclusion is granted on condition that defendant serve a responsive bill of particulars and pay the plaintiff $250 costs within 30 days of the receipt of a copy of this court's order. Costs and disbursements of the appeal are awarded to plaintiff. In the event defendant fails to abide by the above conditions, the order is affirmed, with costs. In this personal injury action defendant's answer contained two affirmative defenses. Plaintiff served a demand for a bill of particulars relative to the affirmative defenses. Approximately six months later plaintiff moved for an order of preclusion because defendant had not responded. Defendant contended that the motion was marked "No opposition" because it intended to comply with the demand. Thereafter, the court ordered defendant to comply within 30 days of service of a copy of the order. It failed to do so. Plaintiff next moved for summary judgment dismissing the two affirmative defenses since defendant was precluded from establishing the defenses and hence no triable issue existed. Defendant cross-moved for modification of the court's order to permit service of the bill of particulars. Defendant contends that clerical error in its counsel's office was responsible for the misfiling of the court's order directing it to serve the bill of particulars. In granting the motion for summary judgment the court found that defendant's failure to serve the bill of particulars was inexcusable. *Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.* (14 AD2d 830, 831) postulates that "It is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues." In balancing the equities we must be mindful that once plaintiff's motion alerted defendant to its oversight it acted with reasonable speed. Less than one year lapsed from joinder of issue to summary judgment. Defendant's excuse for loss of the order of conditional preclusion, considering the nature and size of the defendant's enterprise, is entirely plausible. Were plaintiff to establish that delay had prejudiced her unfairly the decision of this court might be different. However, plaintiff has failed to establish such prejudice. We do not condone the laxity of defendants *(Schupak Rosenfeld & Fischbein v Campanelli Inds.,* 51 AD2d 699), and have, therefore, attached appropriate conditions. Concur—Birns, J. P., Evans, Sullivan and Silverman, JJ.

Fein, J., dissents in a memorandum, as follows. I find on this record no basis to interfere with Special Term's disposition which granted plaintiff's motion for summary judgment, dismissing the two affirmative defenses alleged in the answer, upon defendant's failure to comply with the prior direction of Justice McCooe to serve a bill of particulars responsive to the demand. Although the order of Justice McCooe, by its terms, granted on default plaintiff's motion to preclude defendant, unless MABSTOA served a bill of particulars within 30 days after service of the order, defendant concedes on appeal that it consented to entry of the conditional preclusion order and in fact offered no opposition to the motion. No legally sufficient excuse is offered for defendant's failure to serve its bill of particulars in accordance with the prior order. The conclusory assertion of clerical error in counsel's office is insufficient. Nor do I find warranted the majority's "balancing the equities" to excuse the unexplained failure of defendant to serve a bill setting forth the particulars of its defenses contained in its answer. The size of MABSTOA's operation, contrary to the majority's implication, does not excuse it from compliance with applicable rules of practice. Nor does it permit disregard of court orders. Defendant has not submitted any evidentiary support sufficient to affirmatively demonstrate that its defenses are real and genuine and raise triable issues of fact. The first affirmative defense alleges what defendant refers to as a "standard defense pursuant to CPLR Article 14-A", that the accident resulted from plaintiff's culpable conduct and that damages should be diminished in proportion to plaintiff's negligence. That this may be classified by defendant as a "standard defense" in no-fault cases is not dispositive. The majority overlooks that plaintiff was a passenger on defendant's bus at the time of the accident and that the record is devoid of any facts to substantiate the asserted defense. Nor does defendant offer any evidence or authority to support its second defense of release and assumption of risk arising from the claim that plaintiff was on the bus pursuant to a pass issued to her and entitling her to free passage. Defendant, in opposition to the motion for summary judgment and in support of its cross motion to excuse its default, failed to offer an affidavit by a person with requisite knowledge of the facts, as required. Nor did defendant submit the pass to Special Term to review in connection with the court's passing upon its validity. Moreover, there is no showing that defendants' duty to plaintiff was in any way diminished by the existence of such a pass. Under the circumstances, summary judgment dismissing the two affirmative defenses was appropriate to give effect to the binding order of preclusion (*Crump v City of New York,* 67 AD2d 634; *Geer v Weissberg,* 62 AD2d 931; *Jawitz v British Leyland Motor,* 42 AD2d 536).