OPINION OF THE COURT
Frederic E. Hammer, J.
Defendant Weber Stores, Inc., seeks (1) to strike plaintiffs’ action from the Trial Calendar, and (2) for summary judgment against plaintiffs. The motion is without opposition.
*365 This action arises out of an alleged accident occurring on a public sidewalk in Queens County on May 5, 1976. The answer interposed by the moving defendant denies the material allegations of the complaint. Issue was joined on December 2, 1976. The moving defendant demanded a specific verified bill of particulars pursuant to CPLR 3043 on or about December 13, 1976.
Plaintiffs failed to serve a bill of particulars. Defendant thereupon moved for an order of preclusion for plaintiffs’ failure to serve a bill of particulars. A conditional order of preclusion was granted by Mr. Justice Buschmann of this court on January 5, 1979, which directed that plaintiffs be precluded unless a responsive bill was served within 20 days after service of a copy of said order. That motion was likewise unopposed by the plaintiffs. A copy of the order with notice of entry was served upon the attorney for the plaintiffs on April 11, 1979. To date no reply or bill of particulars has been served.
On May 23, 1979 plaintiffs filed a note of issue and statement of readiness, together with copies of a certificate of compliance and a notice of papers filed in support of a preference.
On July 5, 1979 the action was stricken from the calendar upon motion by fourth-party defendant Richard Associates, which motion was again unopposed by plaintiffs.
Considerations of fair play and compliance with the CPLR may dictate that the courts impose the highest sanctions provided by the rules. There appear to be different rules in the various departments as to whether a preclusion order, standing alone, warrants summary judgment. In the First Department it has been held that summary judgment is not available based solely on a preclusion order. (Israel v Drei Corp., 5 AD2d 987.) However, in a recent case (Crump v City of New York, 67 AD2d 634) the First Department, while still not making a general policy that summary judgment must be granted upon an order of preclusion, did grant summary judgment based upon a preclusion order and a subsequent motion to dismiss, both of which motions were uncontested. The court stated: "Third-party plaintiffs failed to comply with demands for bills of particulars served by the moving third-party defendants, as a result of which preclusion orders were entered. The preclusion orders were not complied with. The bills would have furnished the particulars of the agreements *366 and acts of negligence performed in relation thereto which are the gravamen of the third-party complaint. * * * The motions should have been granted.” (Crump v City of New York, supra, p 634.)
The Fourth Department has consistently granted summary judgment (McCraith v Wehrung, 42 AD2d 825). The Second Department, Appellate Term, in the case of Vandoros v Kovacevic (79 Misc 2d 238) granted summary judgment based upon an existing order of preclusion. The court stated (at p 239): "In our opinion, the better rule is to grant summary judgment, provided that the precluded party is no longer able to prove a prima facie case.”
In this case, it appears that plaintiffs’ attorney, in his failure to comply with the CPLR and with the orders which have been entered herein, should have understood his responsibility and sanctions may be imposed. Plaintiffs have ignored the rules and orders of this court, particularly since three motions in the past six months have gone by default without any appearance or opposition by the attorney for the plaintiffs.
CPLR 3042 (subd [c]) states: "Preclusion for failure to supply bill. In the event that a party fails to furnish a bill of particulars, or copy of the items of an account the court, upon notice, may preclude him from giving evidence at the trial of the items of which particulars have not been delivered.”
Plaintiffs have failed to serve a bill of particulars pursuant to the order of Mr. Justice Buschmann and are thus precluded from offering any evidence required in the bill of particulars. This bars the precluded plaintiff from proving a prima facie case.
Accordingly, that branch of the motion seeking to strike the case from the calendar is denied as moot. That branch of the motion seeking summary judgment in favor of defendant Weber Stores, Inc., is granted.