■ CONSOLIDATED FIBRES, INC., Appellant, v CITY OF NIAGARA FALLS et al., Defendants, and GROSS PLUMBING & HEATING, INC., Respondent. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion granted, in accordance with the following memorandum: Two negligence actions were instituted to recover damages resulting from a fire. Defendant Gross Plumbing & Heating Co., Inc. (Gross) demanded a bill of particulars of each plaintiff, and bills of particulrs were served. Gross then moved for a further bill of particulars in each case. Plaintiffs opposed the motions, contending that the demands were excessive and onerous and that they erroneously sought information which should be obtained through examinations before trial. Plaintiffs served their opposing papers on Gross' attorneys, but mistakenly filed them in the Niagara County Clerk's office instead of the Erie

County Clerk's office, the motions being returnable at Special Term in Erie County. Plaintiffs discovered their error before the return date of the motions, and sent another set of the opposition papers to the Erie County Clerk. On the next day plaintiffs' counsel telephoned to the clerk and was advised that the papers had been received and would be presented to the court on the return of the motions. Plaintiff then submitted on the motions, and did not appear on the return date. On the return of the motions Gross' attorneys acknowledged to the court that they had received plaintiffs' opposition papers and they presented them to the court. We are informed, and the orders reflect, that the court declines to consider the opposition papers and granted both motions for a further bill of particulars. The orders reciting plaintiffs' default were entered thereon on December 30, 1977. Plaintiffs promptly moved to vacate the orders and have the court reopen the motions and consider their opposition papers. The court denied the motions, reciting therein that they were motions for reargument. Plaintiff thereupon made a joint motion for resettlement of the orders entered upon such denials, to show that the motions were not for reargument but were to vacate the orders of December 30, 1977 and have the motions considered on their merits. The court denied that motion and plaintiffs appeal from the three orders. Regardless of whether plaintiffs had corrected their mistake in filing their opposition papers in the Niagara County Clerk's office instead of the Erie County Clerk's office before the return of the motions, Special Term erred in failing to vacate the orders of December 30, 1977 directing further bills of particulars. Plaintiffs' error was excusable, and it is the policy of the courts that issues be determined on their merits where possible (see *Costigan v Manhattan & Bronx Surface Tr. Operating Auth.*, 68 AD2d 844; *Matter of Mento*, 33 AD2d 650). Moreover, the motions which were made after entry of the orders of December 30, 1977 sought to have those orders reopened so that the motions for further bills of particulars could be considered on their merits; and the court also erred in denying the joint motion to resettle the orders entered July 31, 1978. We do not consider the merits of plaintiffs' papers in opposition to the original motions of November 10, 1977. That will be for Special Term's determination on reconsidering those motions, now that the orders of December 30, 1977 have been vacated. (Appeal from order of Erie Supreme Court—bill of particulars.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule JJ.