■ KATHLEEN JONES, Appellant, v D. REX BRYCE et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered March 26, 1979 in Albany County, which denied renewal of a motion to vacate an order of preclusion. Allegedly injured by reason of the defendants' negligence, the plaintiff commenced an action for personal injuries incurred thereby. After issue was joined, the defendants served a demand for a bill of particulars, and upon receiving no response, moved for an order of preclusion. Special Term granted a 30-day conditional order and the time was further extended by stipulation of the attorneys. On the last day of the extension the plaintiff's attorney, by an order to show cause, sought to stay the effect of the order of preclusion, but his motion was denied by Special Term on April 11, 1978. On January 25, 1979, by notice of motion, plaintiff sought renewal of the motion and this was denied and plaintiff appeals. Shortly after this action was commenced, plaintiff advised her attorney that she was seriously considering retaining other counsel. She apparently decided to the contrary, but without notifying her attorney, and without leaving any forwarding address, left the area for parts unknown. All attempts to locate her proved futile and she did not return or make her whereabouts known until many months after the preclusion order had been granted. From the foregoing it can be readily seen that the dilemma in which the plaintiff finds herself was wholly of her own making. Orders of preclusion may not be ignored with impunity and they may be vacated only

upon the showing of " 'extraordinary and exceptional circumstances' " *(Nessia v Marrone,* 59 AD2d 1054). The plaintiff's cavalier treatment of her attorney and her lawsuit, the sole cause of delay, can hardly be considered as such. In addition, the papers submitted do not include an affidavit of merit *(Sortino v Fisher,* 20 AD2d 25) or an affidavit of the plaintiff containing a legal and adequate excuse for noncompliance *(Sortino v Fisher, supra,* p 29). Under these circumstances it cannot be said that Special Term abused its discretion and we should affirm. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.