■ ENEIDA RAMOS, Respondent, v LUC LAPOMMERAY, Defendant, and MONTEFIORE HOSPITAL AND MEDICAL CENTER, Appellant.

Appeal from order of the same court and Justice, entered March 24, 1987, which, *inter alia,* denied defendant Montefiore Hospital's motion for summary judgment is dismissed as academic, in view of the determination of the appeal concerning the aforesaid order, entered on or about October 14, 1987, without costs.

In January 1983, Dr. Luc Lapommeray performed surgery, in Montefiore Hospital and Medical Center (Hospital), upon Ms. Eneida Ramos (Ms. Ramos) for the purpose of relieving the pain in the second toe of her left foot.

After the completion of the operation, Ms. Ramos claimed that it had been negligently performed, since allegedly an excessive amount of bone had been removed from her toe and foot, which resulted in a shortening of the subject toe, a distortion in the appearance of both the toe and foot, and pain and discomfort. Therefore, on or about October 5, 1984, plaintiff Ms. Ramos (plaintiff) commenced an action for damages against defendants Dr. Lapommeray and the Hospital. The complaint, in substance, alleges that defendants negligently treated the plaintiff, and failed to inform her of the dangers of the treatment.

Subsequently, in December 1984, defendant Hospital served its answer, together with a demand for a bill of particulars. Since the plaintiff did not timely respond to that demand, in February 1985 the Hospital moved for an order of preclusion. In response, the plaintiff consented to a conditional order of preclusion. Therefore, by order, dated on or about March 13, 1985, Special Term (Herbert Shapiro, J.), granted the motion to preclude, on consent, unless the plaintiff served a bill of

particulars within 60 days, after service of a copy of that order, with notice of entry. Subsequently, on April 18, 1985, the defendant Hospital served a copy of that order, with notice of entry, upon plaintiff's counsel.

In February 1987, more than 20 months after plaintiff's counsel had been served with the Special Term order of March 13, 1985, mentioned *supra,* the plaintiff's counsel tendered a bill of particulars, which was rejected by defendant Hospital's counsel upon the grounds it was untimely and unresponsive.

In or about March 1987, the defendant Hospital moved for summary judgment, dismissing the complaint, based upon the Special Term preclusion order of March 13, 1985. The plaintiff's counsel opposed this motion, and contended that they had never been served with a copy of the subject order, with notice of entry. By order entered on or about March 20, 1987, the IAS court (Harold Tompkins, J.), denied the defendant Hospital's summary judgment motion, and directed plaintiff to furnish a bill of particulars within 45 days "detailing the specific acts of negligence of [defendant Hospital]". Following this order of the IAS court, the defendant Hospital served plaintiff's counsel with a copy of it, with notice of entry, on April 2, 1987. Since plaintiff failed to comply with this IAS court order, dated March 20, 1987, on or about June 2, 1987, defendant Hospital moved once more for summary judgment, based on the plaintiff's failure to comply with both the Special Term preclusion order of March 13, 1985 and the later IAS court order of March 20, 1987. Two months later, the plaintiff opposed. The IAS court again denied defendant Hospital's motion for summary judgment, and directed the plaintiff "within thirty days after service of a copy of this order with notice of entry to serve a further bill of particulars in proper form".

Defendant Hospital appeals from the IAS orders of March 20, 1987 and October 14, 1987.

Previously, the complaint was dismissed against Dr. Lapommeray, the complainant's surgeon (135 AD2d 439 [1st Dept 1987]).

We have stated " '[i]t is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible' " *(Costigan v Manhattan & Bronx Surface Tr. Operating Auth.,* 68 AD2d 844 [1st Dept 1979]). In *Brusco v St. Clare's Hosp. & Health Center* (128 AD2d 390, 391 [1st Dept 1987]), we held "[t]o excuse delay * * * especially a

protracted delay, a party must show both a reasonable excuse for his [or her] omission and proof of merit to his [or her] claim". In the instant case, after examination of the record, we find that the plaintiff has failed to offer a reasonable excuse for the delay in furnishing a bill of particulars, after the said plaintiff, herself, more than three years ago, consented to the preclusion order of March 13, 1985 of Special Term, mentioned *supra*. Besides not explaining the delay, the plaintiff has not submitted an affidavit of merits *(see, La Buda v Brookhaven Mem. Hosp. Med. Center,* 62 NY2d 1014 [1984]; *Brusco v St. Clare's Hosp. & Health Center, supra,* at 391).

We therefore find that the IAS court's denial of summary judgment to the defendant was an abuse of discretion.

Accordingly, we reverse the IAS court order of October 14, 1987, grant the defendant Hospital's motion for summary judgment, and dismiss the complaint. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.