■ LYNETTE STEPNEY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on March 28, 1989, which denied defendant's motion for a final order of preclusion and summary judgment dismissing the complaint, is unanimously reversed on the law and the motion granted, without costs or disbursements.

Plaintiff served a notice of claim upon defendant New York City Housing Authority on or about February 6, 1986 arising out of an incident in which, as a consequence of the latter's purported negligence, she allegedly tripped and fell on a stairway at premises located at 1420 Bronx River Avenue in The Bronx, sustaining personal injuries thereby. Her summons and complaint were served on or about April 4, 1986 and issue was joined on April 23, 1986. Simultaneously with the service of its answer, defendant demanded, in part, a bill of particulars. When plaintiff failed to respond, the Supreme Court, on or about August 23, 1986, granted defendant's motion for a conditional order of preclusion pursuant to which plaintiff would be prevented from offering any testimony or evidence concerning any material requested in the bill of particulars and other demands unless, within 60 days after service of a copy of the order with notice of entry thereof, she would supply the information being sought. Approximately two years later, plaintiff still having neglected to respond, defendant moved for a final order of preclusion and for summary judgment dismissing the complaint. In that regard, it is plaintiff's position that her default in not complying with the court's conditional order of preclusion is excusable as law

office failure in that counsel was unable to keep track of his client after she moved out of New York City and did not leave a forwarding address.

However, as the court observed in *Jones v Bryce* (76 AD2d 966), "[o]rders of preclusion may not be ignored with impunity and they may be vacated only upon the showing of ' "extraordinary and exceptional circumstances" ' " (quoting *Nessia v Marrone*, 59 AD2d 1054). Certainly "plaintiff's cavalier treatment of her attorney and her lawsuit, the sole cause of delay, can hardly be considered" to constitute a justifiable excuse for her failure to respond to the request for a bill of particulars and other demands *(Jones v Bryce, supra,* at 967). Accordingly, the Supreme Court should have granted defendant's motion in full. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.