■ JENNIFER BECERRIL, an Infant, by TERRI FRANCIS, Her Parent and Natural Guardian, Respondent, v SKATE WAY ROLLER RINK, INC., Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 31, 1991, insofar as it granted defendant's motion for summary judgment for failure to serve a bill of particulars, as directed by an earlier conditional order of preclusion, but only to extend an additional 15 days for compliance with that discovery request, unanimously reversed on the law, defendant's motion is unconditionally granted, and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The infant plaintiff allegedly suffered injury at defendant's recreational facility in March 1987 when she was knocked down by other skaters who had negligently been permitted to skate in an unsafe manner. An endorsed summons was served

in October of 1987, seeking $700,000 in damages, and a complaint followed three months thereafter, upon defendant's demand. The complaint enumerated the injuries as "shock to [the infant plaintiff's] nerves and central nervous system * * * render[ing her] sick, sore, lame and disabled." Three weeks later, defendant served an answer and a package of demands for a bill of particulars and for a variety of discovery and inspection. When plaintiff failed to respond to these demands, despite personal entreaties to counsel, defendant moved in July 1990 for an order of preclusion. In September of that year the court granted the motion on default to the extent of ordering full compliance with the discovery requests within 60 days. An order to that effect was settled, entered and formally served upon plaintiff in May 1991. Four months later, plaintiff still not having complied, defendant moved for summary judgment, resulting in a second conditional order which defendant appeals herein. Under the circumstances, defendant was clearly entitled to the relief requested, unconditionally.

A certain amount of discretion is reserved to the IAS court in crafting conditional orders to encourage the cooperation of neglectful parties so that their claims can be litigated on the merits. A plaintiff ignores such conditional orders at his peril, for the burden then falls upon him not only to explain his delay in, or failure of, compliance, but also to convince the court of the merit in proceeding with this now stale claim. Absent an excuse for failure to comply with a conditional order of preclusion and to submit an affidavit of merit, denial of summary dismissal of the claim is an *abuse* of discretion *(Ramos v Lapommeray,* 140 AD2d 286, 287-288; *Canter v Mulnick,* 93 AD2d 751, 752, *affd* 60 NY2d 689), especially where the discovery demands are directed at a "loosely drawn" complaint whose merits are "highly dubious" *(Jawitz v British Leyland Motor,* 42 AD2d 536, 537).

It is now more than four years since defendant made its discovery demands, and a year since service of the 60-day conditional order of preclusion. Plaintiff has not formally been heard from since service of the complaint in January 1988. Her failure to respond even on this appeal is consistent with the inference that there is no merit to this case. Plaintiff was not entitled to a second "last chance" to comply. Proper exercise of discretion required dismissal without further condition. Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.