■ FRANCISCA PEREZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [644 NYS2d 517] —Order, Supreme

Court, Bronx County (Alan Saks, J.), entered March 22, 1995, which denied defendant's summary judgment motion to dismiss the complaint for failure to comply with the same court's prior conditional order of dismissal directing plaintiff to appear for a deposition, and which vacated that conditional order, unanimously reversed, on the law and the facts, without costs, defendant's motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

After plaintiff commenced this action for personal injuries allegedly sustained when she slipped and fell in the bathtub of her apartment owned by defendant, she repeatedly failed to appear for her scheduled depositions. On August 5, 1994, defendant's motion to dismiss was conditionally granted, unless plaintiff appeared for a deposition on October 6, 1994. The day before the deposition, plaintiff's counsel informed defendant that he could not locate plaintiff, who failed to appear for the deposition.

Thereafter, defendant moved for summary judgment on the conditional order of dismissal. Counsel for plaintiff, in his written response, stated that he was now in a position to produce plaintiff, provided that the deposition be held at the nursing home where she was currently residing. However, on oral arguments, plaintiff's counsel asserted that plaintiff was mentally and physically incompetent to be deposed.

Plaintiff failed to meet her burden of proving either a valid excuse for failing to comply with the conditional order or of establishing the merits of her case, and the motion court therefore abused its discretion in denying defendant's motion to dismiss (*Becerril v Skate Way Roller Rink,* 184 AD2d 365, 366). Plaintiff's first ground for not appearing, that counsel could not locate her, is not a justifiable excuse for not complying with a conditional order of dismissal (*Stepney v New York City Hous. Auth.,* 161 AD2d 525), and counsel has not even described why he lost contact with plaintiff or what steps he took to ascertain her whereabouts.

The only item offered in support of the proposition that plaintiff was mentally and physically incompetent to testify, a letter that purported to be from an "M.D.," was unattested to, and therefore did not constitute evidentiary proof in admissible form (*McLoyrd v Pennypacker,* 178 AD2d 227, 228, *lv denied* 79 NY2d 754). Furthermore, it was not even on doctor's stationary, the hand-printed name of the purported doctor was unclear and the signature was illegible. The letter did not indicate the doctor's background or that he had even examined plaintiff. It is also unclear whether the note's conclusion that

plaintiff "was not to be sufficiently competent to be able to provide a legal deposition" referred to mental or physical incompetence, or both. Finally, the statement does not demonstrate that plaintiff was incompetent to testify at the time of the deposition scheduled by the conditional order, and therefore does not excuse her absence, even if it were assumed that she is currently incompetent.

Even if plaintiff had a valid excuse for not complying with the conditional order, her failure to make any showing of a meritorious claim would mandate a summary dismissal of her complaint (*Becerril v Skate Way Roller Rink, supra*). Plaintiff's repeated absence from scheduled depositions, and her failure to even respond on this appeal, is consistent with an inference that there is no merit to her case (*supra*). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Ross, JJ.