■ MAX ALBINDER, Respondent, v CRESCENT PROPERTIES, INC., et al., Appellants, et al., Defendants. [665 NYS2d 879] —Order, Supreme Court, New York County (Emily Goodman, J.), entered February 6, 1997, which, insofar as appealed from, denied defendants-appellants' cross motion to extend, nunc pro tunc, their time to comply with a prior conditional preclusion order, unanimously affirmed, without costs.

The conditional preclusion order directing defendants to produce various documents was properly enforced in view of defendants' repeated failure to comply first with plaintiff's requests, and then with the court's orders, to produce such documents. Defendants' excuse, that their principal with control over the documents was out of town, is inadequate, given the time defendants had to comply, the absence of evidence of any attempts to locate this principal, and the prejudice any further delay would cause plaintiff (*see, Stepney v New York City Hous. Auth.*, 161 AD2d 525). Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LACEY, Appellant. [666 NYS2d 157] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered April 4, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree, and sentencing him to 5 years' probation, unanimously affirmed.

The limited expert testimony on the various roles of the participants in street-level narcotics sales, including how their roles may change, was admissible to explain, *inter alia*, the absence of buy money on this particular defendant and his role in the sale, which involved two other participants (*see, People v Rivera*, 209 AD2d 151, *lv denied* 84 NY2d 1037). The testimony, which was accompanied by limiting instructions, did not exceed appropriate limits by referring to "managers", or in characterizing defendant as the "manager" of two other participants in a small street-level narcotics operation, since there was no suggestion of a large-scale operation.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.