■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARRIS LEACH, Appellant. [696 NYS2d 9] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered April 15, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to three concurrent terms of 5 to 10 years, unanimously affirmed.

Limited expert testimony on the roles of the participants in street-level narcotics sales was properly admitted to explain, *inter alia,* the absence of buy money on this particular defendant and his role in the sale, which involved another participant (*see, People v Lacey,* 245 AD2d 145, *lv denied* 91 NY2d 927). The testimony was sufficiently limited and free of intimation that defendant was dangerous or involved in a large-scale operation. Under a fair reading of the expert testimony as a whole and in context, we find that the expert did not usurp the jury's fact-finding function. Since defendant did not request limiting instructions, his present claim that such instructions should have been given is unpreserved and we decline to review it in the interest of justice. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLIVARES, Appellant. [696 NYS2d 806] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered October 25, 1996, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 4 to 8 years and 1 year, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the credibility determinations of the jury. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.