■ SHANA MOLDOVAN, an Infant, by Her Mother and Natural Guardian, KATHERINE MOLDOVAN, Respondent, v BERNARD MILLER et al., Appellants. [720 NYS2d 482] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about December 30, 1999, which granted plaintiff's motion to vacate the dismissal of her action and restored it to the calendar, unanimously reversed, on the law, without costs, the motion denied, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

This is an action to recover damages for personal injury. The

complaint alleges that in January 1979, during the course of an acrimonious visit to plaintiff's family apartment, the individual defendant landlord negligently slammed a door on the then-infant plaintiff's hand, severing the tip of one of her fingers. It appears that the landlord's superintendent was also present during most of the visit.

This action was commenced in December 1986, nearly seven years after the injury was sustained. Discovery was completed in 1990. The case was marked off the calendar in 1996, more than four years after adjournment of the last court conference sine die, and a year later it was automatically dismissed as abandoned (CPLR 3404). In 1998 plaintiff's motion to restore was denied without prejudice to renewal on a showing of merit. The motion now under review was filed in October 1999. The IAS Court's order restoring this action, two decades after the alleged incident, was unwarranted in light of the inordinate delay in the prosecution of the case.

A party seeking to restore a dismissed case to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored (*Ware v Porter*, 227 AD2d 214). Here, plaintiff has not managed to satisfy even one of the four components.

The only showing of merit is by inadmissible hearsay. Plaintiff's mother, although in the apartment at the time, had not witnessed the incident. Plaintiff, only two years old at the time of the incident, understandably had no recollection by the time she was deposed eleven years later. The excuse offered for the inordinate delay, that attorney and client lost contact by reason of several residence changes by plaintiff, is palpably insufficient (*Perez v New York City Hous. Auth.*, 229 AD2d 310, 311). The presumption of intent to abandon (*121 Greene St. Assocs. v Anchor Plumbing Corp.*, 258 AD2d 276) was never rebutted. Finally, defendants have shown significant prejudice: counsel has been unable to locate their two witnesses (the individual defendant and the superintendent), and does not even know if either is still alive or available to testify. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.