OPINION OF THE COURT
Dianne T. Renwick, J.
Plaintiff Andrea Mendez commenced this action seeking to recover money damages for personal injuries sustained during an automobile accident. The accident happened when a vehicle operated by defendant I. Sanchez-Gonzalez and owned by defendant Queens Plumbing Supply, Inc. (hereinafter referred to as vehicle No. 1 defendants) collided with a vehicle operated by defendant Francisco R. Martinez and owned by defendant MP Limo Services Corp. (hereinafter referred to as vehicle No. 2 defendants). At the time of the accident, plaintiff Andrea Mendez was riding as a passenger in vehicle No. 1. Plaintiff now moves for partial summary judgment on liability against vehicle No. 2 defendants, relying exclusively upon a compliance conference order which conditionally precluded testimony of vehicle No. 2 defendant driver (Francisco R. Martinez) in the event he failed to appear at the scheduled examination before trial (EBT), which he did.
Discussion
As a threshold matter this court rejects vehicle No. 2 defendants’ argument that the compliance conference order of preclusion was waived when plaintiff filed and served the note of issue and certificate of readiness, certifying that discovery had been completed despite vehicle No. 2 defendant’s failure to appear at the EBT. Vehicle No. 2 defendants have not provided, nor has this court found, any authority for such proposition. On the contrary, it is well established that, when a party fails to comply with a conditional order of preclusion, the order becomes absolute. (See Goldsmith Motors Corp. v Chemical Bank, 300 AD2d 440 [1st Dept 2002]; Jenkinson v Naccarato, 286 AD2d 420 [2d Dept 2001]; Kepple v Hill Assoc., 275 AD2d 299 [2d Dept 2000]; Tae Chool Ha v B.H.N.V. Realty Corp., 273 AD2d 458 [2d Dept 2000].) Moreover, it has long been held that: “Orders of preclusion may not be ignored with impunity and *1066 they may be vacated only upon the showing of ‘extraordinary and exceptional circumstances’ ” (see Jones v Bryce, 76 AD2d 966, 966-967 [3d Dept 1980]). In order to avoid the adverse impact of an order of preclusion, the party seeking vacatur must establish, inter alia, a reasonable excuse for the default. (See Correa v Kewal, 281 AD2d 448 [2d Dept 2001]; Boland v Biordi, 251 AD2d 524 [2d Dept 1998]; Vanek v Mercy Hosp., 162 AD2d 680 [2d Dept 1990].) Under the circumstances herein, vacatur of the preclusion order is unwarranted since vehicle No. 2 defendants make no attempt to explain defendant driver’s failure to appear at the EBT.
Nevertheless, this court rejects plaintiffs argument that the compliance conference order of preclusion entitles him to ipso facto grant of partial summary judgment on liability against vehicle No. 2 defendants. Summary judgment may be granted solely on the basis of an order of preclusion. (Le Frois Foods Corp. v Policy Advancing Corp., 59 AD2d 1013, 1014 [4th Dept 1977]; Vandoros v Kovacevic, 79 Misc 2d 238 [App Term, 2d Dept 1974].) However, summary judgment based on an order of preclusion is not automatic in the First Department. (See, Israel v Drei Corp., 5 AD2d 987 [1958], rearg denied 6 AD2d 1005 [1st Dept 1958].) Rather, the court must analyze the effect of the preclusion order in each particular case. (See e.g. Crump v City of New York, 67 AD2d 634 [1st Dept 1979]; Jawitz v British Leyland Motor, 42 AD2d 536 [1st Dept 1973].)
Here, the explicit language of the compliance conference order conditionally mandates the preclusion of vehicle No. 2 defendant driver’s (Martinez) trial testimony upon his failure to appear at the scheduled EBT. It does not, however, mandate the striking of defendant Martinez’s answer. Therefore, vehicle No. 2 defendants are not precluded from establishing the affirmative defense of comparative negligence asserted in the answer with regard to the alleged culpable conduct of vehicle No. 1 defendants, which may be established through the cross-examination of plaintiff’s and vehicle No. 2 defendants’ witnesses. (See Ramos v Shendell Realty Group, Inc., 8 AD3d 41 [1st Dept 2004] [order of preclusion of trial testimony based upon the failure to submit to an EBT did not preclude affirmative defense of comparative negligence].)
The purpose of the preclusion order is to make the nonoffending party whole. (See Northway Eng’g v Felix Indus., 77 NY2d 332 [1991].) Whatever disadvantage plaintiff suffered as a result of vehicle No. 2 defendant driver’s failure to submit to an exam *1067 ination before trial was cured when the compliance conference order removed his testimony from the trial. To further preclude vehicle No. 2 defendant from asserting defenses which can be established by evidence that has not been precluded deprives defendant of his day in court and gives plaintiff more relief than is warranted by defendant’s failure to submit to an EBT.
Vehicle No. 2 defendants, however, are not satisfied with the denial of plaintiffs motion for partial summary judgment on liability based upon the aforementioned preclusion order. Vehicle No. 2 defendants cross-move for summary judgment dismissing the claims asserted against them on the ground that the evidence establishes that the cause of the accident was due solely to the negligent driving of vehicle No. 1 defendant driver (I. Sanchez-Gonzalez). What vehicle No. 2 defendants failed to reveal to this court is that they had previously unsuccessfully moved for summary judgment, albeit on the ground that plaintiff did not suffer a serious injury.
It is well settled that successive motions for summary judgment should be denied where the motion is based upon grounds and factual assertions which could have been raised on the first motion. (See, Manning v Turtel, 135 AD2d 511, 511-512 [2d Dept 1987]; Taylor v Brooklyn Hosp., 187 AD2d 714, 715 [2d Dept 1992]; Baron v Charles Azzue, Inc., 240 AD2d 447, 449 [2d Dept 1997].) Unless a party is able to demonstrate that the evidence it is submitting is newly discovered, successive summary judgment motions are proscribed. (See, Davidson Metals Corp. v Marlo Dev. Co., 262 AD2d 599 [2d Dept 1999]; Staib v City of New York, 289 AD2d 560, 561 [2d Dept 2001]; Broer v Smith, 240 AD2d 528, 529 [2d Dept 1997].)
In this case, vehicle No. 2 defendants’ current motion is based on grounds and factual assertions that could have been raised in the first motion for summary judgment on the threshold issue of “serious injury.” In any event, the cross motion is denied on the merits since movant defendants have failed to meet their burden. For instance, the police reports submitted by movant defendants constitute inadmissible hearsay and thus fail to establish the manner in which the automobile accident occurred. (Cf. Batista v Santiago, 25 AD3d 326 [1st Dept 2006]; Aetna Cas. & Sur. Co. v Island Transp. Corp., 233 AD2d 157 [1st Dept 1996]; Conners v Duck’s Cesspool Serv., 144 AD2d 329 [2d Dept 1988].) Similarly, to the extent that the police reports contain statements made by vehicle No. 2 defendant driver (Martinez) they are inadmissible since, as explained above, Martinez has *1068 been, precluded from testifying at trial based upon his failure to submit to an EBT. Nor can vehicle No. 2 defendants rely upon plaintiffs deposition testimony, which fails to establish as a matter of law that the cause of the car accident was due solely to the negligent driving of vehicle No. 1 defendant I. Sanchez-Gonzalez.
Conclusion
For the foregoing reasons, it is hereby ordered that plaintiffs motion, seeking partial summary judgment on liability, against vehicle No. 2 defendants, is denied; and it is further ordered that vehicle No. 2 defendants’ motion, seeking summary judgment dismissing the claims asserted against them, is denied.