■ JOEL T. DAUGHERTY et al., Appellants, v ALAN J. POPICK, Defendant, and CARL HEINS et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered June 17, 1982 in Sullivan County, which granted a motion by defendants Heins and Hamilton Avenue Hospital for summary judgment dismissing plaintiffs' complaint. Plaintiffs commenced this action to recover damages for medical malpractice, which allegedly occurred in September of 1979, by service of a summons and complaint in December of 1979. Thereafter, issue was joined as to defendant Popick by service of an answer on February 21, 1980 and as to defendants Heins and Hamilton Avenue Hospital (hereinafter defendants) by service of an answer on March 17, 1980. Together with their answer defendants served a demand for a bill of particulars, and more than five months later on August 27, 1980, plaintiffs tardily moved (see CPLR 3042, subd [a]) for an order vacating or modifying defendants' demand and compelling defendants to comply with plaintiffs' notice for discovery and inspection dated June 6, 1980, which called for production of the hospital record of and bill for services rendered to plaintiff Joel T. Daugherty. At Special Term (Weiss, J.), the court granted plaintiffs' motion to the extent of striking certain items from defendants' demand for a bill of particulars and directing defendants to comply with plaintiffs' notice for discovery and inspection. Additionally, the court ruled that its order was to include a conditional order of preclusion which would apply if, within 30 days after service of the order with notice of entry, plaintiffs failed to serve a bill of particulars responsive to the modified demand or defendants failed to comply with the notice for discovery and inspection. Plaintiffs were further directed to submit an order in accordance with the court's decision, and in due course such an order was drafted and submitted by plaintiffs, signed by the court and then filed, on December 23, 1980, in the Sullivan County Clerk's office. Some 14 months later, on February 23, 1982, plaintiffs having failed to comply with the order by serving a bill of particulars, defendants moved for summary judgment dismissing the complaint upon the ground that plaintiffs' failure to comply precluded them from proving their case. Special Term (Kahn, J.), finding this argument persuasive, then granted their motion in an order from which plaintiffs now appeal. The challenged order should be affirmed. In so ruling, we find without merit plaintiffs' contention to the effect that, since defendants failed to serve a copy with notice of entry of Special Term's December 23, 1980 order upon them, there was no valid preclusion order in existence to serve as a basis for the dismissal of their complaint. As noted above, the language of the subject order provided that plaintiffs either answer the demand for a bill of particulars within 30 days after service of a notice of entry of the order upon them or else be precluded from introducing evidence at trial concerning the information requested. Most significantly, however, it should further be emphasized that plaintiffs drafted the order in question and submitted it to the court for signature and thereafter filed it in the Sullivan County Clerk's office and served it upon defendants with a notice of entry on December 31, 1980. Additionally, the order did not expressly provide that service of a copy of notice of entry of the order upon plaintiffs must be effectuated by defendants for the conditional preclusion order to be applicable, and in our judgment plaintiffs' own actions relative to the order constituted, in effect, service of a copy of the order with notice of entry upon themselves so as to start the running of the 30-day period of the conditional preclusion order no later than some time during

December of 1980 (cf. CPLR 5513, subd [a]). To conclude otherwise and hold that there was no valid preclusion order here because defendants never served plaintiffs with a notice of entry for the order which plaintiffs themselves had drafted and filed would obviously be an extreme exaltation of form over substance which could not be justified under the circumstances presented in this case. Plaintiffs' remaining contention that the complaint should be restored in the interest of justice because their default in answering the demand was excusable is similarly lacking in substance. During the extended delay before defendants' motion to dismiss, plaintiffs never proffered a bill of particulars although possessed of the relevant hospital records which they had demanded, and the record likewise contains no affidavit of merit from plaintiffs. Furthermore, bare allegations by plaintiffs are insufficient to establish that defendants have not been prejudiced by the long delay. Under these circumstances, the court did not abuse its discretion in granting defendants' motion for summary judgment (cf. *Melendez v Layton*, 83 AD2d 655). Order affirmed, with one bill of costs to defendants Heins and Hamilton Avenue Hospital. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.