OPINION OF THE COURT
John G. Connor, J.
Petitioner is a physician providing substantial services to Medicaid recipients. He moves by way of an order to show cause for an order directing respondent, the New York State Department of Social Services to pay his claims for such services.
Prior to June 8, 1984, petitioner submitted a claim for $25,831.38. The respondent issued to petitioner on June 8, 1984 a “remittance statement” identifying the patients treated and the charges therefore which were respectively marked paid, denied or pended. The items marked “pend” are those subject to further review.
Simultaneously with receipt of the remittance statement, petitioner received a “cover sheet” dated June 11, 1984 from which it appears that the net amount approved in connection *133 with this claim was $16,644.62; the amount pended was $3,926.26. Presumably the balance of $5,260.50 was denied.
The bottom section of the cover sheet was originally a check; this check was removed from the cover sheet prior to its being sent to the petitioner. On previous occasions, petitioner had received checks for the net amounts approved as shown on the “cover sheet”.
On June 20, 1984 respondent, the Department of Social Services, sent notice to petitioner that his claims for payment under the Medicaid program had been “pended” for a 90-day period or until a final determination was made. The Department order, also dated June 20, 1984, directed that the stay was effective “upon receipt of this Order by any paying or reviewing entity”.
Since the foregoing occurrences, petitioner has submitted subsequent claims for Medicaid benefits in excess of $50,000. These of course are likewise “pended”.
Petitioner comes now seeking a judgment pursuant to CPLR article 78 requiring respondents (1) to deliver the June 11,1984 check in the sum of $16,644.62; and (2) to continue processing and paying his claims already submitted and which will hereafter be submitted.
Respondent, the New York State Department of Social Services (hereafter Social Services) in a companion motion seeks to dismiss the proceeding upon the ground that petitioner has failed to exhaust his administrative remedies and has failed to state a cause of action.
Social Services contends petitioner has no statutory right to be paid simply because he submitted a claim. This is, of course, correct. With respect to the $16,644.62 (total amount approved) however, there was not only a claim but also, an acceptance communicated to petitioner. Such items were no longer pending and disputed. Thereafter, and no doubt by reason of the June 20, 1984 determination or in anticipation thereof, the check was detached from the cover sheet prior to delivery of the balance of the cover sheet to petitioner.
This is not authorized by 18 NYCRR 515.7. This section only permits withholding of payments for “pending and subsequently received claims” and this, upon notification to the provider that the Commissioner or Commissioner’s designee proposed to make a determination that a provider is engaging in unacceptable practice or has been overpaid. The $16,644.62 was not an item pending at the time of the 18 NYCRR 515.6 notification to petitioner. Petitioner has established a clear legal right to such payment.
*134 Social Services contends it is required to withhold payment pursuant to 18 NYCRR 540.8 (g), which section provides that no payments shall be made for any period of time for which a notice that services were unnecessary or inappropriate is received from a utilization review committee or a professional standards review organization.
Since the June 20, 1984 notice could not have reached the payor on June 11, 1984 (the date the $16,644.62 was approved for payment) the payment of’the approved sum was not proscribed by 18 NYCRR 540.8.
The freezing of petitioner’s subsequent claims amounts to an ex parte recoupment. The provider has a property right therein and may not be deprived of due process. “Although due process does not require a hearing prior to recoupment, this court has previously held that where recoupment has not yet commenced due process requires a hearing within 90 days of commencement of recoupment and where recoupment has already commenced we have directed that a hearing be held within 10 days of the service of our order (Matter of Portnick v Whalen, 65 AD2d 827 * * *)”. (Park Nursing Home v Whalen, 65 AD2d 902, 903; see, also, Crane v Axelrod, 86 AD2d 923; Matter of Birchwood Nursing Home v Whalen, 70 AD2d 1020; Matter of Cortlandt Nursing Home v Axelrod, 99 AD2d 105, 108.)
This court has the power to grant appropriate relief even where not demanded. (CPLR 3017, subd [a]; Hartman v Whalen, 68 AD2d 466, 469.) The matter of the petitioner’s claims, over and above the $16,644.62, is remitted to the Department of Social Services for the purpose of (1) requiring Social Services to furnish to petitioner within 20 days of service of a copy of the order with notice of entry, a clear and concise statement specifying items of overutilization, and (2) requiring a full hearing to be held within 20 days of receipt of statement by petitioner’s attorneys.
Petitioner’s motion is granted with reference to the $16,644.62.
Respondent’s motion is granted with respect to the balance of petitioner’s claims provided, however, if the aforesaid statement is not timely furnished and the hearing not timely provided by Social Services, the petitioner may make application on notice for a supplemental judgment.