Second Department, July, 1985

(July 1, 1985)*

■ Magnus Drugs, Inc., Respondent, v City of New York, Human Resources Administration, Appellant.—In an action to recover the balance allegedly due for pharmaceuticals and medical supplies provided to alleged Medicaid eligibles under the New York City Medical Assistance Program, defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated November 18, 1983, which denied (1) its motion for (a) a preclusion order and (b) summary judgment and (2) its motion to vacate plaintiff's notice to produce.

Order modified by (1) granting that branch of defendant's motion which was for an order prohibiting plaintiff from adducing evidence concerning the matters set forth in defendant's demand for a bill of particulars dated February 4, 1980, unless plaintiff serves a bill of particulars responsive to said demand, (2) adding to the provision denying that branch of defendant's motion which was for summary judgment, a provision that such denial is without prejudice to renewal in the event that plaintiff neglects or fails to timely serve its bill of particulars, and (3) granting defendant's motion to vacate plaintiff's notice to produce. As so modified, order affirmed, with costs to defendant. Plaintiff's time within which to serve its bill of particulars is extended until 60 days after service upon it of a copy of the order to be made hereon, with notice of entry. Said extension of time is granted peremptorily against plaintiff; no further extensions will be granted.

Trial Term denied defendant's preclusion motion on the ground that it was untimely. Plaintiff made no motion to vacate or modify defendant's demand, but failed to supply a bill of particulars. CPLR 3042 (c) provides that in the event that a party fails to furnish a bill of particulars he may be precluded from giving evidence at the trial of the items of which particulars have not been delivered. There is no time limit under CPLR 3042 (c), unlike the 10-day limit specified in CPLR 3042 (d) for a motion to preclude where a defective bill of particulars had been served. Therefore, defendant's motion, although made over three years after it served its demand for a bill of particulars, should have been granted conditionally *(see, e.g., Theocharidis v Weber Stores,* 100 Misc 2d 364), upon plaintiff's failure to serve a proper bill as directed herein. Accordingly, that branch of defendant's motion which was for

* Previously published with list of July 1, 1985, 112 AD2d 146. [Rep.

summary judgment must be denied, without prejudice to renewal in the event that plaintiff fails to timely serve its bill of particulars.

To be sufficient, a notice to produce must "fairly [apprise] the other party as to what papers or documents are required and in all other respects [afford] a reasonable opportunity for compliance with its demands" (21 NY Jur, Evidence, § 241; *see also,* Richardson, Evidence § 595 [Prince 10th ed]). Plaintiff's request for "all records", "all paid checks", "[a]ll correspondence", and "all requests for payment" is not specific enough to afford defendant a reasonable opportunity to comply with the demand *(see, e.g., Haroian v Nusbaum,* 84 AD2d 532; *Ganin v Janow,* 86 AD2d 857) and is, therefore, vacated. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.