■ MAGNUS DRUGS, INC., Appellant, v CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, Respondent.—In an action to recover the balance allegedly due for pharmaceuticals and medical supplies provided to alleged Medicaid eligibles under the New York City Medical Assistance Program, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated February 19, 1987, which granted the defendant's motion for summary judgment predicated upon the plaintiff's failure to comply with a conditional order of preclusion.

Ordered that the order is affirmed, with costs.

By order dated November 18, 1983, as modified by this court's order of July 1, 1985, the defendant's motion to preclude the plaintiff from adducing at trial evidence concerning matters set forth in its demand for a bill of particulars was granted unless the plaintiff served a bill responsive to the defendant's demand within 60 days after service upon the plaintiff of a copy of the order with notice of entry. The extension of time for serving a responsive bill was granted peremptorily against the plaintiff *(see, Magnus Drugs v City of*

*New York,* 114 AD2d 1058). The bill of particulars timely served by the plaintiff is not responsive to the defendant's demand and the plaintiff's purported inability to furnish a more responsive bill is specious and contradictory to the allegations asserted on the prior appeal. Moreover, the plaintiff has not demonstrated the existence of a meritorious claim. While it is undisputed that the invoices listed in the appendix to the plaintiff's bill of particulars were not paid in full, this fact does not suffice to show a meritorious claim as a provider has no statutory right to be paid simply because he submitted an invoice *(see, Siddiqui v New York State Dept. of Social Servs.,* 126 Misc 2d 132, 133). Consequently, the plaintiff is precluded from proffering evidence at trial concerning the matters set forth in the defendant's demand *(see, Smith v Lefrak Org.,* 96 AD2d 859, *affd* 60 NY2d 828). Absent such evidence, the plaintiff cannot establish a prima facie case. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment *(see, Vandoros v Kovacevic,* 79 Misc 2d 238; *see, e.g., Shumalski v Government Employees Ins. Co.,* 80 AD2d 975, *affd* 54 NY2d 671; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.