■ ALICE WEINSTEIN et al., Appellants, v VOLKSWAGEN OF AMERICA, INC., et al., Respondents.—In a strict products liabil-

ity action to recover damages for personal injuries, the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), entered June 9, 1988, as denied their motion for "a stay of all proceedings in this action" pending determination of "jurisdictional issues" in a related Federal case, and granted the defendants' motion for preclusion "unless * * * plaintiffs provide defendants with a bill of particulars and respon[d] to [other] discovery demands" within specified time periods, (2) from an order of the same court entered July 19, 1988, which granted the defendants' motion to preclude the plaintiffs from offering at trial any evidence as to their claims, defenses and counterclaims which could have been the subject of inquiry at the depositions of the plaintiffs, (3) as limited by their brief, from so much of an order of the same court entered October 20, 1988, as granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the plaintiffs' complaint, and (4) as limited by their brief, from so much of a judgment of the same court, dated October 31, 1988, as dismissed the complaint.

Ordered that the appeals from the orders entered June 9, 1988, July 19, 1988 and October 20, 1988, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On December 21, 1984, the plaintiff Alice Weinstein, the driver of an Audi 5000S automobile, and her daughter, Michelle Weinstein, a passenger, were involved in an accident, allegedly caused by the sudden acceleration of the vehicle. Despite repeated demands for discovery and court orders directing discovery, the plaintiffs have refused to permit inspection of the vehicle and have persistently resisted all compliance with discovery requests.

We find no merit to the plaintiffs' contentions that the court-ordered discovery should have been stayed pending certain determinations in a related Federal case or an appeal from an order issued in this action. In light of the contumacious conduct of the plaintiffs in refusing to proceed with

court-ordered depositions and other court-ordered discovery, we agree with the Supreme Court that preclusion and the award of summary judgment in favor of the defendants were appropriate *(see, Magnus Drugs v City of New York Human Resources Admin.,* 143 AD2d 818; *St. Agnes Hosp. v Dengler,* 131 AD2d 657; *Daugherty v Popick,* 95 AD2d 911).

Since the plaintiffs challenge the propriety of the service of the court orders and motion papers for the first time on appeal, this question is not properly before this court *(see, Stojowski v Fair Oaks Dev. Corp.,* 151 AD2d 661; *Cadlett v St. John's Episcopal Hosp.,* 134 AD2d 394, 396; *Rohdie v Michael Guidice, Inc.,* 132 AD2d 541).

The plaintiffs' other contentions are without merit. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.