Charles J. Beckinella, J.
This is a motion made pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, by defendant Margaret Reed, for judgment dismissing the complaint, or in the alternative for an order directing plaintiff to serve an amended complaint, separately stating and numbering each cause of action relied on and making the complaint more definite and certain.
The action is one for defamation and charges defendant Margaret Reed with publishing certain defamatory matter of and concerning the plaintiff. The alleged defamatory matter is purportedly set forth in paragraph “ Fourth ” of the complaint. That paragraph refers to statements published on March 4, 1957 and April 8, 1957, and also charges defendant Margaret Reed with spreading rumors amongst the various members of the codefendant club “ to the effect that the plaintiff has withheld moneys collected by her for the sale of tickets ”. The specific dates, occasions and exact words of the alleged rumors are not set forth, nor does it appear that the alleged defamatory statements of March 4 and April 8 are set forth in their exact language.
The failure to set forth the actual words constituting the alleged defamatory matter renders the complaint defective. It *9 is not sufficient to summarize the language or to state the substance or general effect of the words used. (Crowell v. Schneider, 165 App. Div. 690; Goldman v. Nu-Boro Park Gleaners, 182 Misc. 295.)
As has been indicated, the complaint sets forth two or more separate publications of alleged defamatory statements. "Where separate publications are sued upon they must be separately stated and numbered. Every publication of defamatory words is a new publication and is a distinct cause of action. (Fisher v. New Yorker Staats-Zeitung, 114 App. Div. 824 [2d Dept.].) A further aspect that presents itself in this regard is that it cannot be determined from a reading of the complaint whether all or only some of the separate publications were either oral or in writing; it would be necessary to set forth whether the publications were oral or in writing for it would be improper to unite in one cause of action a cause of action in slander with one in libel. (Roberts v. Pratt, 174 Misc. 585.) The plaintiff is therefore required to separately state and number her several causes of action if she is suing upon several publications, or if she is not, and intends to sue only upon one publication and one defamatory utterance, she must make her complaint more definite and certain. (Cerro De Pasco Tunnel & Mining Co. v. Haggin, 106 App. Div. 401.)
Accordingly, the motion is granted with leave to plaintiff to serve an amended complaint within 20 days after service of an order with notice of entry.
Settle order on notice.