Vincent D. Damiani, J.
In an action sounding in negligence, breach of warranty, libel and slander, defendant Shell Oil Company (hereafter called defendant) moves for summary judgment. Plaintiff, not an attorney, appearing pro se, cross-moves to strike defendant’s answer on the ground that defendant failed to con *210 tinue its examination before trial by the plaintiff, and further cross-moves for an order vacating his default in the service of a bill of particulars in compliance with an order to preclude. The cross motions will be discussed first. [Matter has here been deleted by the editor because not of general interest.]
Defendant’s motion for summary judgment is granted. Aside from the fact that now, by reason of the preclusion order, plaintiff will not be able to establish any right to recover, his affidavit in opposition to the motion together „with his complaint failed to reveal any basis to hold defendant liable for any damages that plaintiff may have sustained. In essence, plaintiff charges in his first two causes of action that he was involved in several accidents with his automobile as a result of its negligent manufacture by one of the defendants, the negligent manufacture of tires by other defendants, and improper repairs made by several of the remaining defendants. With respect to the movant the complaint attempts to impose liability by charging it with improper repairs. It fails however to show that any repairs were made by the said defendant or by its agents, servants or employees. From plaintiff’s affidavits in opposition to the motion and his testimony at an examination before trial it appears that plaintiff asserts that he was induced through advertising by defendant to entrust the repairs of his automobile to mechanics who are dealers, distributors or agents of the defendant, by the latter’s representation that they were competent automobile repairmen; that he had repairs made by one John Porphy doing business as Porphy Shell Service and that such repairs were improperly made causing him to be involved in several accidents within the period of four to six weeks thereafter.
The documentary evidence shows that the sole relationship between defendant and Porphy was that of landlord and tenant and franchised dealer. The franchise agreement grants Porphy the privilege of using defendant’s trade-mark, trade name and color scheme for purposes of identification and advertisement of defendant’s petroleum products at said service station. The lease of the premises to Porphy in paragraph 11 thereof provides that ‘ ‘ nothing in this lease shall be construed as reserving to Shell any right to exercise any control over or to direct in any respect the conduct or management of the business or operations of lessee on the premises; but the entire control and direction of such business or operations shall be and remain in lessee. * * * Neither lessee nor any person performing any duties or engaged in any work on the premises at the request of the lessee shall be deemed an employee or agent of Shell.”
The papers establish that the relationship of Porphy to defend *211 ant was that of an independent contractor (Matter of Morton, 284 N. Y. 167). One who contracts with an independent contractor is free from liability to third parties for the negligence of the independent contractor or of his employees (Herman v. City of Buffalo, 214 N. Y. 316). Accordingly, there is no basis for the first two causes of action.
In the third cause of action plaintiff alleges that ‘' the defendants maliciously with malice, put me up to public ridicule and public harassment, and defamed and slandered, and libeled, and consorted in violation of the anti-trust regulations and laws of the State of New York, conspired against Herman A. Gelman, injuring Herman A. Gelman’s credit standing, his name, his company’s name, and standing in the community, putting Herman A. Gelman under tremendous mental and personal strain, and inflicting injuries on him, and invading his privacy ”.
Aside from the allegations with respect to libel and slander which are defective in that they fail to set forth the actual words constituting the defamatory matter (Brown v. Reed, 10 Misc 2d 8), the other allegations are mere conclusions of law without any factual basis. The affidavit submitted by plaintiff failed to show any defamatory matter and further failed to show any facts to support the conclusions of law set forth in the complaint. On a motion for summary judgment it is the court’s function to determine whether or not factual issues exist to preclude summary relief (King v. Rotterdam Shopping Center, 21 A D 2d 387). The issues to defeat summary judgment must be clear, well defined and genuine (Bakerian v. Horn, 21 A D 2d 714). Plaintiff’s allegations vaguely present the mere semblance of an issue and accordingly are insufficient to defeat a motion for summary judgment.
Settle order on notice.