Memorandum. Order affirmed, without costs.
Defendants appeal from an order granting summary judgment for plaintiffs dismissing defendants’ counterclaim, based upon a prior order of preclusion.
There appear to be different rules in the various departments as to whether a preclusion order, standing alone, warrants summary judgment. In the First Department, it has been held that summary judgment is not available based solely on a preclusion order (Israel v. Drei Corp., 5 AD 2d 987; cf. Fales v. Witkowski, 36 A D 2d 516). However, in a recent case, Jawitz v. British Leyland Motor Inc. (42 A D 2d 536), the First Department appears to be retreating from its prior position. In that case the court stated (p. 537): “ We need not, however, now decide whether the Israel case (supra) should still be followed or whether las a general policy an ordér of preclusion may form the basis for summary judgment.”
The Fourth Department has consistently granted summary judgment (McCraith v. Wehrung, 42 A D 2d 825; Klinger v. *239 Dudley, 40 A D 2d 1078; Dent v. Baxter, 37 A D 2d 908; Call v. Smith, 34 A D 2d 1092, app. dsmd. 28 N Y 2d 654; Clements v. Peters, 33 A D 2d 1096).
The Second and Third Departments have apparently not established any rule as yet. In Jersey v. Glode Requa Coal and Lbr. Co. (13 A D 2d 507) the iSecond Department denied summary judgment because it could not be said, upon that record, that plaintiff was unable to prove a case after preclusion. However, the court did not decide whether summary judgment would have been (granted if the prior preclusion order had prevented .plaintiff from establishing a prima facie case.
In Gelman v. Ford Motor Co. (56 Misc 2d 209) the court granting summary judgment indicated that by reason of a preclusion ¡order plaintiff would not be able to prove his case. However, the court granted summary judgment based upon the fact that plaintiff failed to show a triable issue. To the same effect is Moskowitz v. Garlock (23 A D 2d 943), wherein the Third Department denied summary judgment although there was a preclusion order, stating that it could not say as a matter of law that the preclusion order prevented defendants from introducing evidence to establish their defense. It also stated that it was not deciding whether a preclusion order was sufficient ground for granting summary judgment.
In our opinion, the better rule is to grant summary judgment, provided that the precluded party is no longer able to prove a prima facie case. An examination of the demand for a bill of particulars in the case at bar establishes that defendants will be unable to prove their counterclaim at trial, and summary judgment dismissing the counterclaim was proper. However, it should be noted that the preclusion order applies solely to defendants ’ counterclaim and defendants would not be estopped from establishing those very same points as a defense to plaintiffs’ action.
Concur — Groat, P. J., Schwartzwald and Margett, JJ.