OPINION OF THE COURT
Chief Judge Wachtler.
The question on this appeal is whether an order of preclusion, entered when the defendants failed to provide particulars relating to their counterclaims, also precludes the defendants from offering any defense to the complaint. The courts below held that it did and the defendants appeal.
The defendant, Felix Industries, was the general contractor for a sewage filtration plant constructed in Sullivan County. In 1983, it entered into a contract with the plaintiff, North-way Engineering, Inc., to have the plaintiff perform certain work as a subcontractor on the project. Pursuant to this agreement Felix paid Northway over $900,000, but refused to pay certain requisitions totaling $88,762.72. In 1986, the subcontractor sued the contractor and its surety for this amount, *334 claiming that plaintiff had performed all work required on the contract and that this represented the balance due. Defendants’ answer contains a general denial. In addition, defendants asserted two counterclaims alleging breach of contract and negligent performance. On the counterclaims, also denominated "defenses”, the defendants demanded damages of $50,000.
The plaintiff served a demand for a bill of particulars with respect to the counterclaims. When the defendants failed to respond, the plaintiff moved for an order of preclusion which the court granted conditionally, allowing the defendants an additional 30 days to supply the bill. However, the defendants did not take advantage of this extension and the preclusion order became absolute. That effectively removed the counterclaims from the case.
During the course of the litigation the plaintiff also made two motions for summary judgment on its complaint. Initially plaintiff applied for partial summary judgment in the amount of $58,227.83. The defendants offered no opposition and the motion was granted. That reduced the amount in dispute to $30,534.89. The plaintiff then moved for summary judgment in this amount. Defendants opposed this motion, claiming that the plaintiff had erred in its computation by failing to credit properly certain amounts previously paid and by excluding certain "chargebacks” for work it had never completed. Although the defendants submitted affidavits and documents in support of these contentions, the plaintiff argued that the preclusion order barred the defendants "from offering any defense.” The trial court agreed and granted summary judgment to the plaintiff for the amount claimed to be due.
The Appellate Division affirmed, stating: "the counterclaims by defendants were, essentially, denials of plaintiff’s claim for money due and an assertion of defendants’ views of the amount in dispute under the terms of the contract. Accordingly, since defendants were precluded from presenting any proof concerning matters alleged in their counterclaims * * * and those matters were inextricably interwoven with the allegations of the complaint and present for resolution the same factual dispute upon which defendants’ defense rests, the motion was properly granted.” (160 AD2d, at 1134.) Two Justices dissented and the defendants appeal on the basis of the dissents (CPLR 5601 [a]).
On this appeal it is not disputed, in the absence of preclu *335 sion, that the defendants’ general denial is sufficient to permit the defense asserted, and that the affidavits and documentary evidence submitted by the defendants demonstrate that a question of fact exists with respect to these contentions. The only question is whether the defendants are barred from making the defense because of the preclusion order entered when they failed to provide particulars regarding the counterclaims. In our view, the preclusion order should not be given that effect and the motion for summary judgment should have been denied.
In determining the scope of the preclusion order at issue in this case, it is important to emphasize that it relates to a demand for a bill of particulars and not to a disclosure notice or other discovery device. The distinction is important because these procedures serve different functions in the pretrial setting.
Under the broad discovery statutes now in effect in this State, any party may demand disclosure of evidence, or information leading to evidence, relevant to the case without regard to the burden of proof (CPLR 3101 [a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Siegel, NY Prac § 344, at 420-422). The sanctions for failure to comply with such a request are equally broad and include a preclusion order preventing the nondisclosing party from using the evidence in any manner during the course of the litigation (CPLR 3126 [2]; see also, e.g., Feingold v Walworth Bros., 238 NY 446).
A bill of particulars, on the other hand, is a more limited device, designed simply to amplify or supplement a pleading, and was first recognized at common law before the development of the modern discovery rules (Dwight v Germania Life Ins. Co., 84 NY 489; State of New York v Horsemen’s Benevolent & Protective Assn., 34 AD2d 769). It was liberally employed by the courts at a time when it was virtually the only means by which a party could obtain any insight into the nature of the adversary’s case (Dwight v Germania Life Ins. Co., supra; see also, e.g., Cunard v Francklyn, 111 NY 511; Elman v Ziegfeld, 200 App Div 494). Over the years it has generated an extensive pretrial motion practice which the courts and the Legislature have sought to discourage by simplifying the procedure and discouraging motions relating to bills of particulars (see, e.g., CPLR 3042 [h] [denying costs]; 3043 [specifying content of bill in personal injury actions]). Some jurisdictions, including the Federal courts, have abol *336 ished the bill, concluding that broad disclosure statutes render it superfluous (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3041:l, at 477). The drafters of the CPLR also recommended its abolishment in conjunction with the expansion of the disclosure statutes now found in article 31 (ibid.). However, the Legislature retained the bill of particulars, not as a disclosure device (CPLR art 31), but in its traditional and limited role as a means of amplifying a pleading (CPLR 3041 et seq.). The appropriate sanction for failure to provide a bill should also be limited to preventing the harm which would otherwise be caused by failure to furnish the particulars.
It is generally stated that a bill of particulars amplifies a pleading by setting forth in greater detail the nature of the allegations and what the party making them intends to prove (Dwight v Germania Life Ins. Co., supra; see also, Siegel, NY Prac, at 291-292). Thus it relates to the burden of proof and requires each party upon demand to provide particulars with respect to matters alleged in that party’s pleading, whether it be a complaint, an answer, or any other type of pleading (3 Weinstein-Korn-Miller, NY Civ Prac fl 3041.10; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3041:6, at 482). However, a party need not particularize general denials because these are matters on which the party making the allegations, and not the party denying them, has the burden of proof (Silberfeld v Swiss Bank Corp., 263 App Div 1017; Dommerich & Co. v Diener & Dorskind, 31 AD2d 516; Siegel, NY Prac § 238, at 292).
If a party neglects or refuses to respond to a demand for a bill of particulars, the court may enter a preclusion order (CPLR 3042 [c]). This bars the recalcitrant party from proving allegations it has failed to amplify and relieves the adversary from having to meet a claim which has not been clearly explained or defined. Typically preclusion orders are prospective and conditional, permitting the offending party to avoid preclusion by complying with the demand before the order goes into effect (CPLR 3042 [e]), but the statute also permits the court to enter the order unconditionally without dispensation (CPLR 3042 [c]). Unless a preclusion order is set aside, most courts hold that it may serve as a basis for summary judgment dismissing the complaint or counterclaim (Vandoros v Kovacevic, 79 Misc 2d 238 [App Term 1974]), and if the only defense to an action is an affirmative defense which has been precluded it would seem, on principle, that summary judg *337 ment should be awarded to the plaintiff. Thus a preclusion order is a strong sanction and as one authority observes: “the punishment here should fit the crime, precluding only as to that for which particulars have not been furnished.” (Siegel, Practice Commentaries, op. cit., C3042:5, at 530.)
In this case the plaintiff demanded particulars only with respect to the counterclaims. The plaintiff had no right to demand particulars concerning the general denials or the specific nature of the defenses they presented. When the defendants failed to comply with the demand, the court properly precluded the defendants from proceeding on the counterclaims, but there was no need to give the preclusion order the additional effect of stripping the defendants of their general denials. Although these defenses and the precluded counterclaims arise out of the same dispute, and thus may be factually interwoven, that is no reason to treat the demand for a bill as a demand for disclosure by giving the preclusion order a kind of collateral estoppel effect beyond the particular pleading or portion of the pleading the bill was intended to amplify. That is especially true when, as here, there was nothing in the motion papers or conditional preclusion order which would alert the defendants to this particular risk, and it is not the usual consequence of a preclusion order relating to a bill of particulars (see, e.g., Vandoros v Kovacevic, supra, at 239).
The purpose of a preclusion order is to make the demanding party whole. Whatever disadvantage the plaintiff suffered as a result of the defendants’ failure to furnish particulars relating to the counterclaims was cured when the court effectively removed the counterclaims from the case by precluding the defendants from submitting evidence in support of them. To further preclude the defendants from asserting defenses which require only general denials, despite the existence of a genuine factual dispute, deprives the defendants of their day in court and gives the plaintiff more relief than is warranted by the defendants’ failure to clarify counterclaims which the plaintiffs are no longer required to meet. It also blurs the distinction between the demand for a bill of particulars and a demand for disclosure, creating a sometimes redundant and misleading procedure, likely to revive the burdensome bill of particulars motion practice which the courts and the Legislature have long sought to avoid.
Accordingly, the order of the Appellate Division should be *338 reversed, with costs, and the plaintiffs motion for summary judgment should be denied.