11-2466-cv
Stein v. Northern Assurance Co. Am. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**CORRECTED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courhouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

Present:
ROBERT A. KATZMANN,
PETER W. HALL,
        *Circuit Judges*.[1]

_____

JUDITH STEIN, individually and as an Executor of the Estate of Kenneth F. Stein, Jr. and as a beneficiary of the Estate of Kenneth F. Stein, Jr., GWENDOLYN ZEGEL and JUDITH STEIN, in their capacities as Trustees of a Testamentary Trust created under the Last Will and Testament of Kenneth F. Stein, Jr., DAVID S. NEUFELD, as an Executor of the Estate of Kenneth F. Stein, Jr.,

        *Plaintiffs-Appellees*,

        v.                                                                          No.  11-2466-cv

NORTHERN ASSURANCE COMPANY OF AMERICA,
ONEBEACON AMERICA INSURANCE COMPANY, dba
INTERNATIONAL MARINE UNDERWRITERS, ONEBEACON

_____

[1] Because Judge Richard C. Wesley, originally assigned to this panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

INSURANCE GROUP, LTD.,

*Defendants-Appellants*.[2]

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | DENIS P. O'LEARY, Neufeld & O'Leary, New York, N.Y. |
| For Defendants-Appellants: | JOHN A.V. NICOLETTI, Nicoletti Hornig & Sweeney, New York, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

In this insurance coverage dispute, Plaintiffs-Appellees Judith Stein, Gwendolyn Zegel, and David Neufeld (collectively, "plaintiffs" or "insured") contend that Defendants-Appellants Northern Assurance Company of America, OneBeacon America Insurance Company d/b/a International Marine Underwriters, and OneBeacon Insurance Group, LTD. (collectively, "insurers") breached their duty to defend plaintiffs in an underlying action pending in New York Supreme Court: *Bernardis v. Town of Islip*, No. 08-9250 (the "Bernardis Action"). The district court (Platt, *J.*) granted plaintiffs' motion for partial summary judgment, concluding that insurers had improperly declined coverage based on a policy provision that excludes coverage for property damage that the insured was aware of prior to the policy period. We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

We review a district court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party. *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir.

_____

[2] The clerk of the court is directed to amend the caption as noted.

2009). In reviewing a summary judgment decision, this Court "utilizes the same standard as the district court: summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998); Fed R. Civ. P. 56(a). "We may affirm the district court's decision on any ground appearing in the record." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010).

Under New York law, "[a]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.E.2d 167, 170 (N.Y. 2002) (internal quotation marks omitted). Accordingly, "an insurance company's duty to defend is broader than its duty to indemnify." *Auto. Ins. Co. of Hartford* v. *Cook,* 850 N.E.2d 1152, 1155 (N.Y. 2006). Moreover, "any ambiguity [in the policy] must be resolved in favor of the insured and against the insurer." *Westview Assocs. v. Guar. Nat'l Ins. Co.*, 740 N.E.2d 220, 223 (N.Y. 2000).

"To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion . . . ." *Frontier Insulation Contractors. v. Merch. Mut. Ins. Co.,* 690 N.E.2d 866, 868-69 (N.Y. 1997). In addition, an insurer may only disclaim its duty to defend if it has demonstrated, as a matter of law, that "there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Id.*; *see also Allstate Ins. Co. v. Zuk*, 574 N.E.2d 1035, 1037 (N.Y. 1991) ("[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no

3

possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.").

"An insurer's duty to defend claims made against its policyholder is ordinarily ascertained by comparing the allegations of a complaint with the wording of the insurance contract." *IBM Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004). Accordingly, "[i]t is well established that a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered." *Fitzpatrick v. Am. Honda Motor Co.*, 575 N.E.2d 90, 90 (N.Y. 1991).

However, "[t]he insurer's duty to defend is . . . not an interminable one, and will end if and when it is shown unequivocally that the damages alleged would not be covered by the policy." *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 332 N.E.2d 319, 323 (N.Y. 1975). In other words, where an insurer's duty to defend turns on an unresolved factual dispute, "the duty to defend lasts only until the factual ambiguity is resolved in favor of the insurer." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 622 (2d Cir. 2001); *see also Avondale Indus., Inc. v. Travelers Indem. Co.*, 774 F. Supp. 1416, 1425 (S.D.N.Y. 1991) (The "duty to defend continues until judicial determination, either in [the] underlying action or in [the] coverage action, of [the] issue relevant to coverage." (citing *Colon v. Aetna Life & Cas. Ins. Co.*, 484 N.E.2d 1040, 1042 (N.Y. 1985))).

Upon consideration of the record on appeal, we hold that the district court did not err in concluding that insurers have failed to meet their burden of establishing that they were entitled,

4

as a matter of law, to disclaim coverage under the applicable insurance policies.[3]  In particular,

the factual allegations in the complaint and bill of particulars filed in the Bernardis Action are

insufficient to establish as a matter of law that the insured had prior knowledge of the property

damage at issue in that action, such that the insured violated the notice provisions in the

applicable insurance policies.  An insurer's duty to defend is only extinguished under New York

law when it is unequivocally established that "there is no possible factual or legal basis on which

it might eventually be obligated to indemnify its insured."  *Zuk*, 574 N.E.2d at 1037; *see Sturges*,

332 N.E.2d at 323 (To disclaim coverage, an insurer must show "unequivocally that the damages

alleged would not be covered by the policy").  Here, there is ample ambiguity on the face of the

bill of particulars regarding the nature and quality of the notice that Anthony Bernardis, a

plaintiff in the Bernardis Action, gave to Kenneth Stein, a defendant in the Bernardis Action and

an officer in Defendant-Appellee Sayville Ferry Service, Inc. ("Sayville"), regarding the

property damage allegedly caused by Sayville on Bernardis's property.  Specifically, the bill of

particulars alleges that Bernardis informed Stein of flooding from property that Sayville does not

own or have any other possessory interest in.

Moreover, consideration of extrinsic evidence, to the extent it is appropriate to do so

under New York law, does not alter our conclusion that insurers have failed to meet their burden

---

[3] We reach this conclusion despite the district court's erroneous determination that it could not consider factual allegations made in the bill of particulars filed in the Bernardis Action in making its coverage determination.  Where "the duty to defend cannot be eliminated simply by examining the face of the complaint, but the insurer's responsibility to defend can, nonetheless, be determined before the underlying claim is resolved," New York law permits an insurer to "extricate itself early [from its duty to defend] by demanding a bill of particulars." *Hugo Boss*, 252 F.3d at 621-22; *see also Northway Eng'g, Inc. v. Felix Indus., Inc.*, 569 N.E.2d 437, 439-40 (N.Y. 1991) (A bill of particulars allows a party in New York State court to "amplif[y] a pleading by setting forth in greater detail the nature of the allegations and what the party making them intends to prove.").

for disclaiming coverage. An insurer may only disclaim its duty to defend on the basis of extrinsic evidence "where the evidence offered . . . allow[s] a court to *eliminate the possibility* that the insured's conduct falls within coverage of the policy." *IBM*, 363 F.3d at 148 (internal quotation marks omitted) (emphasis in original).[4] Here, Stein submitted a sworn affidavit in the Bernardis Action in which he states that "prior to the commencement of the Bernardis lawsuit, I had no communication with anyone concerning damage to their home that was allegedly caused by [the insured]." App. at 108. Accordingly, the extrinsic evidence available in the Bernardis Action cannot "eliminate the possibility" that Stein was in compliance with the notice provisions of the applicable insurance policies.

For the foregoing reasons, we conclude that the district court did not err in holding that, on the record available to it, insurers improperly disclaimed coverage for defending insured in the Bernardis Action. Our ruling today does not preclude insurers from again disputing their duty to defend in the appropriate context and in the appropriate forum, should the factual record on the issue of Stein's prior notice of the property damage on Bernardis's property become more fully developed.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[4] We have previously recognized that New York law is "unclear" regarding the circumstances in which a court may consider extrinsic evidence in making coverage determinations. *IBM*, 363 F.3d at 148 n.4. However, because we conclude that insurers cannot meet their burden for disclaiming coverage even if we consider the extrinsic evidence on which they rely, we need not delineate the precise scope of the extrinsic evidence exception under New York law to resolve this case.