| **Strong v Monzon** |
|:---:|
| 2024 NY Slip Op 31554(U) |
| May 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452032/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                                    PART          **22M**

*Justice*

------------------------------------------------------------------------X

TISHA STRONG, ADAM S. WALKER, VASHAWN D. WALKER

Plaintiff,

- v -

LUIS A. MONZON, UNITED PARCEL SERVICE, INC., SHARRELLE STRONG,

Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452032/2020 |
| MOTION DATE | 06/10/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154

were read on this motion to/for            SUMMARY JUDGMENT (AFTER JOINDER)         .

Upon the foregoing documents, the motion by Defendants Luiz A. Monzon and United Parcel Service Inc. (UPS) and the cross-motion by Sharelle Strong pursuant to CPLR 3212 for summary judgment and dismissal of the Complaint of Plaintiffs in its entirety on the ground that Plaintiffs fail to meet the serious injury threshold requirement mandated by Insurance Law 5102 (d) and seeking such other further relief as the Court deems just and proper, is decided as follows:

Plaintiffs Tisha Strong, Adam Walker, and Vashawn Walker seek recovery for injuries allegedly arising out of the accident occurring on November 5, 2019. Plaintiffs were passengers in a motor vehicle which was allegedly owned and operated by S. Strong. At approximately 8.20pm, Plaintiffs' vehicle allegedly collided with a truck, which was driven by Monzon and owned by UPS. Plaintiffs' Bill of Particulars alleges that T. Strong sustained injuries to her right knee, right shoulder, left shoulder, cervical spine, lumbosacral spine, thoracic spine, bilateral hip, and other injuries including pelvic segmental and somatic dysfunction, bilateral leg pain, bilateral arm discomfort, anxiety, insomnia, and post-traumatic stress disorder. Due to the accident, T. Strong stated that she had a right shoulder arthroscopy. A. Walker allegedly sustained injuries to his cervical spine, thoracic spine, lumbosacral spine, and other injuries including headaches,

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 1 of 9

vertigo, and post-traumatic stress disorder. V. Walker allegedly sustained injuries to his right shoulder, right knee, lumbosacral spine, cervical spine, thoracic spine, bilateral hip, and other injuries including peripheral neuropathy, myalgia, dizziness, and post-traumatic stress disorder. Due to the accident, V. Walker allegedly had to undergo surgery on his right knee and right shoulder.

The Court first addresses several preliminary issues raised by Plaintiffs.

Plaintiffs highlight that Defendants have not attached Plaintiffs' Bill of Particulars as an exhibit in its moving papers, and so, Defendants' independent medical examination reports do not adequately address Plaintiffs' claimed injuries. CPLR 3212 (b) requires that a motion for summary judgment "shall be supported by affidavit, by a copy of the pleadings and by other available proof". Pleadings are a requisite part of the record for a summary judgment motion and failure to include the pleadings may result in dismissal of the motion (*Krasner v. Transcontinental Equities, Inc.*, 64 AD2d 551 [1st Dept 1978]). The role of the Bill of Particulars, however, is to "amplify or supplement a pleading" (*Northway Engineering, Inc. v. Felix Industries, Inc.*, 77 NY2d 332 [1991]), and so, the omission of the Bill of Particulars from a summary judgment does not violate CPLR 3212 (b) (*Walker v. Wright*, 2020 NY Misc LEXIS 4500, *4). In any event, the Court retains the discretion to overlook the procedural defect of missing pleadings when the record is "sufficiently complete", *i.e.* where a complete set of the papers is available from the materials submitted although the movant has not attached all of the pleadings to the motion (*Washington Realty Owners, LLC v. 260 Wash. St., LLC*, 105 Ad3d 675 [1st Dept 2013]). In the present case, while Defendants have not attached a copy of the Bill of Particulars, the record is "sufficiently complete" as Plaintiffs have adduced the Bill of Particulars as "Exhibit C" in Motion #2, and so the Bill of Particulars is before the Court.

Next, Plaintiffs argue that S. Strong's cross-motion for summary judgment should be denied as it was made against the Plaintiffs, who are not a moving-party. CPLR 2215 states that "a party may serve upon *the moving party* a notice of cross-motion demanding relief". Here, Monzon and UPS are the moving party, so it would be improper for S. Strong to file a cross-motion to seek relief from Plaintiffs. The mis-labelling of a motion for summary judgment as a cross-motion may be disregarded as a "'technical' defect," in particular where the non-moving party

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 2 of 9

[* 2]

does not object and the cross-motion results in no prejudice to the non-moving party and the non-moving party had ample opportunity to be heard on the merits of the relief sought (*Kershaw v. Hospital for Special Surgery*, 114 AD3d 75, 88 [1st Dept 2013]; *Volpe v. Canfield*, 237 AD2d 282, 283 [2nd Dept 1997]). Given that S. Strong's cross-motion adopts the arguments in Monzon and UPS' motion papers, and in Plaintiffs' own words, "piggybacks" on the co-defendants' summary judgment papers, and Plaintiffs had an opportunity to respond to S. Strong's cross-motion, there is no prejudice to Plaintiffs. S. Strong's cross-motion should be thus allowed to proceed.

In a motion for summary judgment, the burden rests on the movant to establish that the plaintiff has not sustained a serious injury (*Lowe v Bennett*, 122 AD2d 728 [1st Dept 1986]). When movant has made such a showing, the burden then shifts to the plaintiff to provide *prima facie* evidence to support the claim of serious injury (*see Lopez v Senatore*, 65 NY2d 1017 [1985]).

Defendants rely on the affirmed independent orthopedic examination report of Dr. Andrew A. Bazos and the affirmed independent radiological evaluation report of Dr. Scott B. Berger, and the examination before trial (EBT) testimonies of Plaintiffs and non-party witness Nony Nordon. In opposition, Plaintiffs rely on the affirmed independent medical report of Dr. Kevin Weiner.

Plaintiff T. Strong

Dr. Bazos examined T. Strong on January 19, 2023. Dr. Bazos's impression was that T. Strong only suffered from soft tissue injuries to the cervical spine, thoracic spine, lumbar spine, and bilateral shoulders, which were all resolved, with no objective evidence of any ongoing pathology. Dr. Bazos also noted that following the accident, none of the medical providers whom T. Strong visited documented any objective findings which were acute, traumatic, and accident related, as there were no notations of fractures, avulsions, dislocations, or dysfunctions. In Dr. Bazos' view, T. Strong's alleged injuries may be attributed to her extensive past medical history, rather than the accident. T. Strong is obese and has multiple sclerosis (MS) and was also involved in a prior motor vehicle accident in 2018, following which she complained of pain in her cervical spine, thoracic spine, and lumbar spine. Dr. Bazos considered that T. Strong's complaints of pain and disability in her spine and left shoulder should be associated with her prior medical history and not the accident. Dr. Bazos stated that there are no objective findings which support T. Strong's alleged right knee and bilateral hip injuries. Instead, pains in these regions are more

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 3 of 9

[* 3]

commonly chronic pains suffered by obese persons. T. Strong's bilateral shoulder studies did not reflect any signs of trauma and while the studies revealed hypertrophic change of the acromioclavicular joint, such deformities are commonly associated with advanced and accelerated wear and tear within the rotator cuff and the surrounding soft tissue. T. Strong's lumbar and cervical spine MRIs showed multilevel degenerative vertebral joint and disc disease, which corresponds to age-appropriate development of wear and tear. There were no signs of compression, fractures, or ruptured ligaments. Dr. Bazos also considered that the right shoulder arthroscopy undergone by T. Strong was not medically necessary and did not have any clinical correlation to accident-related objective findings. Therefore, Dr. Bazos concluded that T. Strong had returned to her normal activities of daily living without any limitations, disabilities, or dysfunctions.

Plaintiffs argued that Dr. Bazos did not include the normal values or results for the bilateral rotation or bilateral bending of the lumbar spine, and the normal values and results for the Straight Leg Raise (SLG) test. Insofar as Dr. Bazos has not provided a range of normal values to compare Plaintiffs' range of motion testing, Dr. Bazos' findings are without probative value. Stating Plaintiffs' range of motion without including a baseline norm to compare the ranges has eroded the reliability of Dr. Bazos' assessment, "leaving the court to speculate" as to their ultimate meaning (*Bray v Rosas*, 29 AD3d 422 [1st Dept 2006]).

Dr. Berger reviewed T. Strong's MRI examinations and determined that the MR images of her cervical spine demonstrate congenital spinal stenosis with superimposed spondylosis, which has shown expected progression since the prior exam. Dr. Berger stated that any treatments and/or surgery to T. Strong's cervical spine would not have been necessitated by the accident, but rather, would be solely due to T. Strong's chronic spinal stenosis and progressive spondylosis, which are common findings in MS patients. With regard to T. Strong's lumbar spine, the MR images demonstrate chronic degenerative changes but there is no evidence of any recent traumatic injury related to the accident. The MR images of T. Strong's right shoulder demonstrated chronic arthritic changes of the right acromioclavicular joint with a large spur impinging on the rotator cuff, and a mild undersurface tear of the supraspinatus tendon which was present prior to the accident and was not caused or exacerbated by the accident. T. Strong's right shoulder also

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 4 of 9

4 of 9

demonstrated other degenerative changes, such as a chronic labral tear. Similar to Dr. Bazos' finding, Dr. Berger considered that T. Strong's right shoulder arthroscopy was not necessitated by the accident, but instead addressed internal derangements which pre-dated the accident. T. Strong's left shoulder MR images revealed a chronic bursal surface tearing of the supraspinatus tendon, which remain unchanged from the study taken before the accident. Therefore, Dr. Berger opined that there is no evidence that the accident caused or exacerbated any condition related to T. Strong's left shoulder.

The Court is satisfied that Defendants have met their initial burden of establishing that T. Strong did not sustain serious injuries as a result of the accident under Insurance Law 5102 (d) (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]). Therefore, the burden now shifts to T. Strong to produce *prima facie* evidence to support her claim of serious injury.

T. Strong relies on the affirmed narrative report of Dr. Weiner. Dr Weiner opined that approximately 60% of T. Strong's present disability, limitations, current symptoms in her spinal regions and shoulders are related to the accident and prognosis for recovery without injections and surgery is poor. In particular, T. Strong suffers from permanent partial disabilities to her spinal region, bilateral shoulders and right knee. In Dr. Weiner's opinion, although T. Strong had pre-existing symptoms in her spinal region and shoulders before the accident, the MRIs taken post-accident revealed a worsening of her disc herniations in her cervical and lumbar spine as well as tearing to her shoulders. Dr. Weiner also stated that there is a causal relationship between T. Strong's limited range of motion, pain, and injuries and the accident. With regard to T. Strong's spinal region, the post-accident MRIs revealed the following post-traumatic injuries: exacerbation of herniated discs at C5/6 and C6/7, exacerbation of bulging discs at C4/5 and C5/6, herniated disc at C3/4, exacerbation of lumbar herniated discs with impingement at L3/4 and L4/5, lumbar herniation at L1/2, and lumbar bulging at L2/3. Dr. Weiner also performed an examination on T. Strong with a handheld goniometer and observed that she had limited range of motion in her cervical spine, lumbar spine, both shoulders, and right knee. Crucially, however, Dr. Weiner did not cite an authoritative source or standard for the normal values he cited in his report. It is "inequitable and insufficient" to premise a grant of summary judgment on a doctor's range of motion findings if the doctor has not stated the source of the normal degrees (*Wilks v. Baichans*,

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 5 of 9

5 of 9

[* 5]

*Inc.*, 191 NYS3d 923 [Sup Ct, Kings County 2023]; *see also Rodriguez v Konate*, 161 AD3d 565 [1st Dept 2018]).

However, given Dr. Weiner's findings of the disc herniations and tearing of T. Strong's cervical and lumbar spine and bilateral shoulders in her MRI images, T. Strong has raised a sufficient issue of fact and Defendants' motion for summary judgment is dismissed. T. Strong may thus be entitled to recover for all injuries causally related to the subject accident (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]).

Plaintiff A. Walker

Dr. Bazos performed an examination of A. Walker on January 19, 2023. Dr. Bazos' impression is that A. Walker only sustained at most, minor, self-limited, soft-tissue strain to his cervical, thoracic, and lumbar spine and no injury at all to the right shoulder, bilateral hips, and right knee as a result of the accident. Dr. Bazos noted that there was no indication of radicular symptoms into the upper or lower extremities which were reproducible upon orthopedic and neurological testing in a dermatomal pattern. There was also no documented motor weakness, sensory alterations, or asymmetry in deep tendon reflexes that corresponded with nerve compression, and no indication of an injury being sustained to the extremity joints. Accordingly, Dr. Bazos determined that the clinical objective examination was consistent with only simple sprain/strain injuries to the cervical, thoracic, and lumbar spine. Dr. Bazos considered that it was implausible that A. Walker sustained the other alleged injuries as he did not have subjective complaints or objective clinical examination findings regarding these areas for several weeks following the accident. Dr. Bazos concluded that A. Walker's alleged restrictions in motion are inconsistent and are not supported by any objective evidence of causally related injuries.

Next, Dr. Berger reviewed A. Walker's MRI reports. Dr. Berger was not able to review the actual images themselves since they had been lost by the imaging facility. Based on the reports, Dr. Berger's impression is that there is no imaging evidence of any recent traumatic injury to A. Walker's cervical spine, thoracic spine, or lumbar spine, which is related to the accident. However, as Defendants themselves acknowledge, the absence of the MRI images renders expert testimony as to the images inadmissible (*Hambsch v. New York City Transit Authority*, 63 NY2d 723, 725

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 6 of 9

6 of 9

[1984] ["It was error to permit the doctor's testimony without producing the X rays and introducing them into evidence"]).

Nevertheless, based on the evidence provided by Dr. Bazos, the Court is satisfied that Defendants have met their initial burden of establishing that A. Walker did not sustain serious injuries from the accident and the burden now shifts to A. Walker to produce *prima facie* evidence to support his claim of serious injury.

Dr. Weiner examined A. Walker on June 4, 2023 and also reviewed A. Walker's MRI reports. Using a handheld goniometer, Dr. Weiner determined that A. Walker had a restricted range of motion in both his cervical spine and lumbar spine. As discussed above, Dr. Weiner's findings regarding A. Walker's restricted range of motion are speculative as Dr. Weiner did not cite the source of the stated normal values. Upon review of A. Walker's MRI reports, Dr. Weiner's impression is that A. Walker suffered from the following post-traumatic injuries: cervical disc herniations at C6/7 and C7/T1, cervical disc bulging at C3/4, C4/5, C5/6, and C6/7, thoracic disc herniations at T6/7, T7/8, T8/9, lumbar disc herniation at L5/S1, and lumbar disc bulge at L4/5. As discussed above, however, Dr. Weiner's testimony as to the images is inadmissible given the absence of the MRI images (*Hambsch* at 725). Regardless, it is well-established that disc bulges and herniations are insufficient to establish serious injury, in the absence of objective medical evidence showing the extent or degree of the limitations resulting from these specific injuries and their duration (*Wetzel v Santana*, 89 AD3d 554 [1st Dept 2011]).

The Court is not satisfied that A. Walker has raised a triable issue of fact and Defendants' motion for summary judgment against A. Walker is thereby granted.

Plaintiff V. Walker

Dr. Bazos examined V. Walker on January 19, 2023. Dr Bazos' impression is that based solely on V. Walker's subjective complaints, V. Walker sustained only minor soft tissue injuries to his neck, mid-back, right shoulder, lower back, bilateral hips, and right knees due to the accident, which would have healed within a few weeks. If V. Walker had sustained more severe injuries, he would have reported an immediate onset of swelling and severe pain with severe radicular symptomatology, swelling, instability, and difficulty weight-bearing, which would have correlated to the results of the MRI scans. Such severe symptoms, however, were not documented.

452032/2020 STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 7 of 9

Therefore, Dr. Bazos stated that V. Walker's MRI studies demonstrated incidental findings which were the result of routine wear and tear. Dr. Bazos also opined that there was no way to associate V. Walker's right shoulder surgery and right knee surgery with the accident, as there was no evidence of ongoing severe right shoulder and right knee pain, and MRI scans did not demonstrate findings consistent with acute trauma which could be related to the accident. In Dr. Bazos' opinion, V. Walker only required conservative and non-operative treatment, *i.e.*, physical therapy, to his cervical spine, thoracic spine, lumbar spine, right shoulder, and right knee, and there was no need for injections or surgical procedures to his lumbar spine, right shoulder, and right knee. Finally, with regard to V. Walker's alleged restriction in range of motion, Dr. Bazos considered that the restriction was inconsistent and was not supported by objective evidence of causally related injuries. Instead, the alleged restrictions were based solely on effort and V. Walker's subjective reports of pain.

Dr. Berger reviewed the MRI images of V. Walker's lumbar spine, right knee, and right shoulder, and similarly concluded that there are no findings to suggest a recent traumatic injury to any of the above regions. Dr. Berger stated that there is no evidence that the accident caused or exacerbated any conditions related to V. Walker's lumbar spine, right shoulder, or right knee. Moreover, Dr. Berger noted that V. Walker's right shoulder arthroscopy and right knee arthroscopy were not necessitated by the accident but rather, were necessitated by chronic degenerative changes.

The Court is satisfied that Defendants have met their initial burden of establishing that V. Walker did not sustain serious injuries from the accident and the burden now shifts to V. Walker to produce *prima facie* evidence to support his claim of serious injury.

Dr. Weiner examined V. Walker on June 25, 2023 and took measurements using a handheld goniometer. Dr. Weiner's examination revealed that V. Walker had restricted range of motion in his right knee, right shoulder, and lumbar spine. As discussed above, Dr. Weiner's assessment of V. Walker's range of motion is speculative, given that he did not cite the source of the normal values to which he has referred in his report. In addition, Dr. Weiner reviewed V. Walker's medical records and MRI images and his impressions were that V. Walker sustained the followed post-traumatic injuries: right knee meniscus tear, superior labral tear and anterior labral tear of

452032/2020  STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 8 of 9

[* 8]

right shoulder, and lumbar bulge at L5-S1. Dr. Weiner concluded that V. Walker had sustained permanent injuries to his lumbar spine, right shoulder and right knee due to the accident. Both V. Walker's arthroscopic surgery to repair the meniscus tear to his right knee and the arthroscopic repair to his right shoulder were medically necessary and were required by the accident.

V. Walker has shown sufficient evidence of serious injury to his right shoulder, right knee, and lumbar spine to raise an issue of fact, and Defendants' motion for summary judgment is denied. V. Walker may thus be entitled to recover for all injuries causally related to the subject accident.

Accordingly, it is

**ORDERED** that the motion and cross-motion by Defendants for summary judgment against A. Walker and dismissal of A. Walker's Complaint is GRANTED; and it is further

**ORDERED** that the motion and cross-motion by Defendants for summary judgment against T. Strong and V. Walker and dismissal of T. Strong and V. Walker's Complaint is DENIED; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, Plaintiffs shall serve a copy of this Decision and Order upon all Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 5/1/2024 | | | |
|---|---|---|---|
| **DATE** | | JAMES G. CLYNES, J.S.C. | |

| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

452032/2020  STRONG, TISHA vs. MONZON, LUIS A.
Motion No. 001

Page 9 of 9