■ Granibras Granitos Brasileiros, Ltda., Respondent, v Salik Farber, Appellant, et al., Defendant. [823 NYS2d 390]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 29, 2005, which vacated the court's prior order relieving defendants of a default judgment and granted plaintiff's motion to proceed with enforcement proceedings upon defendants' failure to comply with the court's directive that they file an undertaking, unanimously affirmed, without costs.

While public policy supports having actions determined on their merits, a party may not simply ignore applicable time constraints, whether imposed by judicial, statutory or other mandate, and expect to suffer no consequences. In order to vacate a default judgment, a party must establish the existence of a meritorious defense and a reasonable excuse for the default (CPLR 5015 [a] [1]). Defendant Farber, who was afforded ample opportunity to avoid the entry of a default judgment, does not even attempt to demonstrate that he had an excuse for the default or a meritorious defense to the claims asserted by plaintiff.

As this Court observed in *Hyundai Corp. v Republic of Iraq* (20 AD3d 56, 62 [2005], *appeal withdrawn and discontinued* 6 NY3d 808 [2006]), a "court's discretion to relieve a party from a default judgment should not be favorably exercised where, as here, the party has been dilatory in asserting its rights." Moreover, a "certain amount of discretion is reserved to the [motion] court in crafting conditional orders to encourage the cooperation of neglectful parties so that their claims can be litigated on the merits," and a party "ignores such conditional orders at his peril" (*Becerril v Skate Way Roller Rink*, 184 AD2d 365, 366 [1992]). Thus, in addition to showing no basis to vacate the default judgment, this defendant has made no effort to explain his failure to post the undertaking required by the court as a condition of vacating the default. Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.