| |
|---|
| **Velazquez-Sierra v Magnificent Urban Restoration Ltd.** |
| 2025 NY Slip Op 31194(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156669/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. MARY V. ROSADO   PART  33M

*Justice*

-----------------------------------------------------------------------X

GREGORIO VELAZQUEZ-SIERRA,

                                    Plaintiff,

          - v -

MAGNIFICENT URBAN RESTORATION LTD., PETER S. DOWLING, DEBORAH W. DOWLING,

                                    Defendant.

-----------------------------------------------------------------------X

PETER DOWLING, DEBORAH DOWLING

                                    Plaintiff,

          -against-

COBURN CONSTRUCTION MANAGEMENT CORP., UP CONSTRUCTION & RESTORATION, INC.

                                    Defendant.

-----------------------------------------------------------------------X

INDEX NO.  156669/2021

MOTION DATE  08/13/2024

MOTION SEQ. NO.  006

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595866/2022

The following e-filed documents, listed by NYSCEF document number (Motion 006) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 142, 143, 144, 145, 146

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, and after a final submission date of January 30, 2025, Defendant Magnificent Urban Restoration Ltd.'s ("Magnificent") motion to vacate this Court's order dated January 2, 2024, which conditionally struck Magnificent's Answer unless it produced certain discovery, is denied. Plaintiff Gregorio Velazquez-Sierra's ("Plaintiff") cross-motion seeking leave to file a belated summary judgment motion against Magnificent in the event this Court's conditional order is vacated is moot as Magnificent's motion to vacate is denied.

156669/2021  VELAZQUEZ-SIERRA, GREGORIO vs. MAGNIFICENT URBAN RESTORATION LTD. ET AL
Motion No. 006

Page 1 of 5

1 of 5

## I.    Background

This Court issued orders on July 22, 2022 (NYSCEF Doc. 19), October 21, 2022 (NYSCEF Doc. 28), July 26, 2023 (NYSCEF Doc. 45), and January 2, 2024 (NYSCEF Doc. 70) directing Magnificent to produce a corporate representative with knowledge of the facts underlying Plaintiff's alleged construction site injury. Plaintiff had also filed multiple motions asking this Court to strike Magnificent's Answer for failure to comply with this Court's discovery orders (NYSCEF Docs. 49 and 67). As a result of Magnificent's multiple defaults in producing a knowledgeable witness, or at minimum producing information that would allow other parties to subpoena a witness with knowledge, Magnificent's Answer was stricken. Magnificent claims it produced a knowledgeable witness, Lukasz Macniak, on December 14, 2023 (*see* NYSCEF Doc. 117). However, a review of Mr. Macniak's deposition transcript shows he had no knowledge of Plaintiff's alleged accident (*see, e.g.* NYSCEF Doc. 117 at 28). The only information Mr. Macniak provided was the last known telephone number for Stanislaw Wnek, Magnificent's former owner.

It was not until January 22, 2025, that counsel for Magnificent, after conducting "further investigation" provided an address for Mr. Wnek, indicating that it was within Magnificent's sole means to subpoena him, or at the very least provide this information to the other parties, as this Court continuously ordered Magnificent to produce a witness over the span of eighteen months (NYSCEF Doc. 143). Magnificent now asks this Court to vacate its order dated January 2, 2024 which struck Magnificent's Answer unless it produced a knowledgeable witness within thirty days. Plaintiff opposes and cross-moves for summary judgment in the event this Court vacates its prior order.

**156669/2021   VELAZQUEZ-SIERRA, GREGORIO vs. MAGNIFICENT URBAN RESTORATION LTD. ET AL**
**Motion No. 006**

**Page 2 of 5**

2 of 5

[* 2]

## II. Discussion

Magnificent's motion is denied. Magnificent seeks vacatur pursuant to CPLR 5015(a)(1). This provision is governed by a discretionary standard and requires a movant to show excusable default (*Goldman v Cotter*, 10 AD3d 289, 291 [1st Dept 2004]). Here, Magnificent's proffered excuse misses the mark. Magnificent argues it never opposed the second motion to strike its answer because it believed Plaintiff was not given leave to make that motion. But Magnificent provides no excuse as to why it failed to produce any witness with knowledge despite multiple Court orders and multiple discovery motions, and why it took until January 22, 2025 (over a year after Magnificent's Answer was stricken) to provide a knowledgeable witness's last known address. There is no detailed effort explaining what Magnificent did to try to locate and to produce a knowledgeable witness despite its obligation to do so. Magnificent's failure to provide a detailed excuse for its multiple defaults pursuant to this Court's orders requires this Court to deny vacatur pursuant to CPLR 5015(a)(1) (*see, e.g. Spivey v City of New* York, 167 AD3d 487 [1st Dept 2018]; *Granibras Granitos Brsileiros, Ltd. v Farber*, 34 AD3d 230 [1st Dept 2006]). Therefore, Magnificent's motion to vacate pursuant to CPLR 5015(a)(1) is denied.

Magnificent's motion for vacatur pursuant to CPLR 5015(a)(3), which states an order may be vacated upon fraud, misrepresentation, or other misconduct of an adverse party, is also denied. There was no fraud or misrepresentation by Plaintiff's counsel. Magnificent failed to produce a knowledgeable witness and showed no diligence in promptly providing Plaintiff with the telephone number and last known address of Magnificent's former owner, who presumably is the most knowledgeable witness. While Magnificent may not have had control over Mr. Wnek, it clearly had the means to provide a last known telephone number and address. Yet, an address to subpoena Mr. Wnek was not provided until January of 2025, well after the note of issue and motions for

**156669/2021  VELAZQUEZ-SIERRA, GREGORIO vs. MAGNIFICENT URBAN RESTORATION LTD. ET AL**
**Motion No. 006**

**Page 3 of 5**

3 of 5

summary judgment were filed. Magnificent cannot claim to have adhered to its discovery obligations when it failed to provide an address for a witness with knowledge until a year after its Answer was stricken. Moreover, Magnificent never represented to the Court, prior to the January 2, 2024 order, that it had purportedly produced a witness with knowledge (*see also People by James v Vdare Foundation, Inc.*, 227 AD3d 423, 423-424 [1st Dept 2024] [order may not be vacated on CPLR 5015(a)(3) grounds where moving party had knowledge of misrepresentation before order was issued]).

Magnificent's motion for vacatur pursuant to CPLR 5015(a)(5), which calls for vacatur based on a reversal, modification, or vacatur of a prior judgment is denied. This provision is inapplicable as the conditional order which struck Magnificent's Answer has not been reversed, modified, or vacated. Magnificent did not file a notice of appeal of that order nor did it move to reargue or renew that order to seek modification or reversal. Thus, Magnificent's motion is denied in its entirety.

Because Magnificent's answer remains stricken and Plaintiff is entitled to a finding of liability on default against Magnificent, Plaintiff's cross-motion, which sought summary judgment against Magnificent in the event this Court vacated its prior order, is moot.

Accordingly, it is hereby,

ORDERED that Defendant Magnificent Urban Restoration Ltd.'s motion to vacate this Court's order dated January 2, 2024, which conditionally struck Magnificent's Answer unless it produced certain discovery, is denied; and it is further

ORDERED that Plaintiff's cross-motion seeking leave to move belatedly for summary judgment in the event this Court vacates its January 2, 2024 order is moot as the Court denied the motion to vacate; and it is further

**156669/2021   VELAZQUEZ-SIERRA, GREGORIO vs. MAGNIFICENT URBAN RESTORATION LTD. ET AL**
**Motion No. 006**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| **4/9/2025** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | x | NON-FINAL DISPOSITION | | |
| | | GRANTED | x DENIED | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156669/2021   VELAZQUEZ-SIERRA, GREGORIO vs. MAGNIFICENT URBAN RESTORATION LTD. ET AL**
**Motion No.  006**

**Page 5 of 5**

5 of 5